[No. 2,472.]

## THOMAS A. TALBERT *v.* JOHN SINGLETON AND E. P. FIGG.

THE SUTTER TITLE OF SACRAMENTO CITY.—The deed of October 14th, 1848, from John A. Sutter, Sr., to John A. Sutter, Jr., has been directly decided to include the site of Sacramento City; and the question is no longer an open one.

POSSESSION OF LAND AS CONSTRUCTIVE NOTICE OF POSSESSOR'S TITLE.—The actual possession of land, with the exercise of the usual acts of owner-

ship and dominion over it, operates in law as constructive notice to all the world of the claim of title under which the possessor holds.

EQUITABLE TITLE AS DEFENSE TO ACTION UNDER LEGAL TITLE.—Where the owner of land sold the same, and covenanted to execute a warranty deed therefor on payment of the purchase money, and the purchaser took and held actual possession, and afterwards paid the purchase money; *held*, that such purchaser's, or his grantee's, equitable title was a sufficient defense to an action of ejectment under the legal title, by the original owner, or any one holding under him, with notice.

REATTACHING OF EQUITIES ON REVESTING OF PROPERTY.—Where Sutter, Jr., having covenanted to convey land, with warranty, to Holman, conveyed to his father, who afterwards conveyed back to the son; *held*, that whether the father took with notice or not, the son, on receiving the reconveyance, took the land charged with Holman's equities.

APPEAL from the District Court of the Sixth Judicial District, County of Sacramento.

This was an action of ejectment for a lot on the southeast corner of Fifth and K streets, in the City of Sacramento. The facts of the claims of the respective parties are set forth in the opinion; but it may be added that the deed from Sutter, Jr., by Burnett to Holman, was a bargain and sale deed of all the right, title, and interest of the grantor, with a warranty against the claims of all persons whatsoever. There having been a judgment for defendants, and a motion for new trial overruled, the plaintiff appealed.

*Heard & McConnell* and *Haymond & Stratton*, for Appellant.

The deed from Sutter, Sr., to Sutter, Jr., of October 14th, 1848, is a conveyance of a specific tract of land within certain defined boundaries, which do not include the property in controversy.

Again, the deed executed by Burnett, in the name of Sutter, Jr., to Holman, was made when Sutter, Jr., had no title, and conveyed nothing. Being but a quitclaim deed, it did not pass the title subsequently acquired by Sutter, Jr. (*Gee* v. *Moore*, 14 Cal. 472; *Kimball* v. *Semple*, 25 Cal. 452;

*Morrison* v. *Wilson*, 30 Cal. 348; *Cadiz* v. *Majors*, 33 Cal. 289; Rawle on Cov. for Title, 417, 419, note 1; 3 Washb. on R. P. 483, and note 1.)

*Samuel Cross* and *Robert C. Clark*, for Respondents.

The deed from Sutter, Sr., to Sutter, Jr., does include the premises, as this Court has already decided. (*Mayo* v. *Marzeaux*, 38 Cal. 442.)

The deed from Sutter, Jr., by Burnett to Holman, is not a quitclaim deed, but a deed with warranty of title, and does not come within the rule laid down in the cases cited by appellant. A covenant of warranty in a deed otherwise quitclaim carries with it an after-acquired title, if such is the intention. (*Sweet* v. *Green*, 1 Paige, 473; *Gibbs* v. *Thayer*, 6 Cushing, 30; *Van Rensselaer* v. *Kenney*, 11 How. 322.)

The plaintiff and his grantors are estopped by the deed and agreement from Sutter, Sr., to Burnett, to deny that defendants' grantors acquired title by virtue of the deed executed by Burnett in the name of Sutter, Jr. (*Davis* v. *Davis*, 26 Cal. 38.) But whether the last mentioned deed conveyed title or not, the judgment was correct, for the reason that defendants and their grantors purchased in good faith, paid the purchase money, and entered into and have held possession all the time under a bond from Sutter, Jr., for a warrantee deed.

By the Court, CROCKETT, J.:

It is no longer an open question in this Court whether the deed of October 14th, 1848, from Sutter, Sr., to Sutter, Jr., includes the site of Sacramento City. In *Mayo* v. *Marzeaux*, 38 Cal. 442, we had this precise question under consideration, and held that the deed includes the site of said city. Nothing has since occurred to create a doubt as to the cor-

rectness of that decision. On the contrary, the argument of the present case has but strengthened our former views on this point.

The plaintiff's title to the demanded premises is deraigned as follows: First—Through a grant to Sutter, Sr., made by the Mexican Government in 1841, and which has been finally confirmed and patented to him. Second—A deed from Sutter, Sr., to Sutter, Jr., dated May 7th, 1850. Third—A deed from Sutter, Jr., to Mesick, dated July 9th, 1855. Fourth—Through regular mesne conveyances from Mesick to the plaintiff. This established a prima facie title in the plaintiff.

To rebut this prima facie case the defendants set up: " First—A conveyance from Sutter, Sr., to Sutter, Jr., dated October 14th, 1848, and a written contract made subsequently, in the latter part of that year, between Sutter, Jr., and Burnett, by which the former agreed to place all his town property in the hands of the latter for sale, and to give him one fourth of the proceeds of the sale as a compensation for his services. Second—A power of attorney from Sutter, Jr., to Burnett, dated 18th January, 1849, empowering him to sell at his discretion any property of the former situate in Sacramento City, and to convey the premises so sold to the purchasers by good and sufficient deeds, with covenants of warranty. Third—A sale by Burnett, as attorney in fact for Sutter, Jr., of the premises in controversy in this action to one Holman, prior to the 26th of June, 1849, and a title bond from Sutter, Jr., to Holman, whereby he bound himself to convey the property, with warranty, on the payment of the purchase money. · Fourth—A deed from Sutter, Jr., to Sutter, Sr., dated June 25th, 1849, whereby the former reconveyed to the latter all the property conveyed by the latter to the former by the deed of

October 14th, 1848, excepting, however, from the convey-
ance 'any and all lots of land lying and being within the
afore-described boundaries which the said party of the first
part may have granted and conveyed by deed or deeds bear-
ing date anterior to that of these presents.' Fifth—An in-
strument in writing from Sutter, Sr., to Burnett, dated July
24th, 1849, which recites the fact of the conveyance of Octo-
ber 14th, 1848, from Sutter to his son, and the contract be-
tween the latter and Burnett, together with the power of
attorney and the reconveyance of June 25th, 1849, and the
further fact that sales had been made by Burnett for which
deeds had not been executed, and then proceeds to author-
ize Burnett to 'go on and close up all sales made previous
to the notification of said reconveyance, * * * and exe-
cute deeds for them under the power of attorney given by
said John A. Sutter, Jr., the said John A. Sutter hereby
confirming said conveyances.' Sixth—That Holman paid
the purchase money for the premises in controversy, and on
the 15th of January, 1850, Burnett, as attorney in fact of
Sutter, Jr., conveyed them to him by deed. Seventh—That
Holman, immediately after his purchase, went into posses-
sion of the premises, and he and his grantees have ever
since continued in possession, and have erected thereon
expensive and permanent improvements of great value.
Eighth—That whatever title Holman acquired is vested in
the defendants." It further appears in the case that, when
Sutter, Jr., reconveyed the property to his father by the
deed of June 25th, 1849, he also assigned and transferred
to him all the purchase money remaining unpaid upon sales
previously made by Burnett under the power of attorney
from Sutter, Jr.

These being the facts, the first point for inquiry is,
whether the plaintiff occupies any other or better position
than Sutter, Jr., would have done if he had never conveyed
to Mesick, or any one else, the title which he acquired from

his father by the deed of May 7th, 1850, and if he had himself been the plaintiff in the action. If the present plaintiff occupies a more favorable position it can only be because he, or some one of his grantors through whom the title passed, was an innocent purchaser, in good faith, without notice of the defendants' equities. If Mesick and all the subsequent grantees, down to and including the plaintiff, had notice, either actual or constructive, of these equities, the plaintiff stands in no better position than Sutter, Jr., his grantor, would have occupied had he been the plaintiff, holding the title acquired from his father under the deed of May 7th, 1850.

The parties, plaintiff and defendant, claim under a common source of title; and as early as July, 1849, Holman was in possession of these premises under his purchase from Sutter, Jr., and he and his grantees have ever since been in the actual possession, and have erected expensive and valuable improvements thereon. That the actual possession of land, with the exercise of the usual acts of ownership and dominion over it, operate in law as constructive notice to all the world of the claim of title under which the possessor holds, is too well settled to merit discussion. When Mesick took his conveyance from Sutter, Jr., in 1855, Holman, or his grantee, was in the actual and exclusive possession, having fully paid the purchase money, and claiming title, not only under his original purchase, but under a recorded deed made in 1850 by Burnett, as attorney in fact for Sutter, Jr., under a duly recorded power of attorney. The possession of Holman and his grantees, under these circumstances, was constructive notice to Mesick; and all subsequent grantees claiming under him are likewise affected with notice by the continued exclusive possession of the defendants and their grantors holding under Holman. I am, therefore, of opinion that the plaintiff occupies no better position than Sutter, Jr.,

would have done had he been the plaintiff, holding the title conveyed to him by his father in May, 1850.

What relation, then, did Sutter, Jr., occupy towards the property when he received from his father the deed of May 7th, 1850? Could he have maintained ejectment against Holman, then in possession, who had purchased the property from him, and had paid the purchase money, and with whom he had entered into a covenant that, on the payment of the purchase money, he would convey the title, with a covenant of warranty? It is obvious, for several reasons, that he could not have maintained the action: First—If the legal title passed from him to his father by the deed of June 25th, 1849, his father took it with notice of Holman's equities. If he had not express notice of the sale to Holman, he had information enough to put him on inquiry, which is equivalent to express notice. But, if he had no notice, either actual or constructive, nevertheless, when he reconveyed the title to his son in May, 1850, there can be no doubt that the latter took it, charged with Holman's equities, as fully and to the same extent as if he had not made the conveyance to his father. He was still bound by his covenant to convey, with warranty, and if he had refused to perform his agreement a Court of equity would have compelled him. If he had made no written covenant to convey, nevertheless he had sold the land to Holman, who had paid the purchase money and was let into the possession, and this entitled the latter to a specific performance of the contract. Sutter, Jr., had the legal title in trust for Holman and his successors in interest; and, in a suit for specific performance, a Court of equity would have compelled him to convey in accordance with his contract. Holding the naked legal title, he would not have been allowed to disturb his vendee, who was rightfully in possession, holding the equitable title. (*Love* v. *Watkins*, 40 Cal. 547.) This view of the case is decisive of it. Sutter, Jr., could not have maintained

ejectment against the defendants, even though he had never parted with the legal title acquired through the deed of May 7th, 1850; and the present plaintiff, as has been already stated, is in no better position. He has no other or better status than Sutter, Jr., had, inasmuch as Mesick and all his successors in interest purchased with constructive notice of defendants' equities, and, therefore, were not purchasers in good faith.

Second—I have a grave doubt whether these premises were not excepted from the conveyance from Sutter, Jr., to Sutter, Sr., and whether the instrument from the latter to Burnett was not, in its legal effect, a power of attorney, authorizing the conveyance to Holman, and whether, in a Court of equity, the conveyance would not have been treated as the deed of Sutter, Sr. But it is unnecessary to decide these points, and I, therefore, express no opinion upon them.

The point as to the regularity of the term of the Court at which the cause was tried is not tenable. (*Talbert* v. *Hopper*, decided at the present term.)

Judgment affirmed.


By WALLACE, J.:

I concur in the judgment of affirmance.