[No. 12909.  Department Two. — November 21, 1890.]

SAMUEL HULING, RESPONDENT, v. WILLIAM S. ABBOTT, DEFENDANT, AND J. C. BULL, JR., AP-PELLANT.

CERTIFICATE OF PURCHASE — ASSIGNMENT — NOTICE OF UNRECORDED MORT-GAGE — RECONVEYANCE FROM BONA FIDE PURCHASER — PATENT. — An assignee of a certificate of purchase of state lands, who took with actual notice of an unrecorded mortgage by his assignor, remains affected as a purchaser with notice of the mortgage, and is not protected by the fact that he assigned his title to a *bona fide* purchaser for value without notice of the mortgage, who reconveyed the lands to him, after obtaining a state patent therefor; and the mortgage may be enforced against a sub-sequent grantee of such assignee, who took a conveyance after record of the mortgage, and who does not appear to have paid any money on his purchase.

APPEAL from a judgment of the Superior Court of Humboldt County.

The facts are stated in the opinion of the court.

*E. W. Wilson,* and *Henry L. Ford,* for Appellant.

Defendant Bull was not chargeable with constructive notice of the mortgage at the time he took his deed from Fitzgerald. In taking such conveyance he was not re-quired to search for mortgages previous to the issuance of the patent. (*Farmers' Loan etc. Co.* v. *Maltby,* 8 Paige, 361.) Rideout took the land without any notice of the execution or existence of plaintiff's mortgage, paying a valuable consideration for the land. He thereby took the land freed from all equities, and obtained a valid title. (Pomeroy's Eq. Jur., sec. 754; Story's Eq. Jur., sec. 410; *Wood* v. *Chapin,* 13 N. Y. 509; 67 Am. Dec. 62; *Jackson* v. *McChesney,* 7 Cow. 360; 17 Am. Dec. 521; *Webster* v. *Van Steenbergh,* 46 Barb. 211; *Westbrook* v. *Gleason,* 89 N. Y. 641; *Ohio Life Ins. and Trust Co.* v. *Ledyard,* 8 Ala. 866; *Neslin* v. *Wells,* 104 U. S. 428; *Burke* v. *Allen,* 3 Yeates, 351; *Burns* v. *Berry,* 42 Mich. 176; *Riley* v. *Hoyt,* 29 Hun, 114; *Huebsch* v. *Scheel,* 81 Ill. 281; *Holbrook* v.

*Dickenson,* 56 Ill. 498; *Hodgen* v. *Dickenson,* 58 Ill. 433.)
The fee of the land, even after the issuance of the cer-
tificate of purchase, remains in the state until the patent
is issued.    And this certificate could have been attacked
collaterally.    (*Taylor* v. *Weston,* 77 Cal. 534.)    Therefore
the patent from the state to Rideout gave him a superior
title to the land.    A patent is a better legal title than an
entry with the register and receiver.    (*Griffith* v. *Deerfelt,*
17 Mo. 31; *Bagnell* v. *Broderick,* 13 Pet. 436; *Wilcox* v.
*Jackson,* 13 Pet. 498; *Carman* v. *Johnson,* 20 Mo. 108.)    A
state patent for located school-lands vests absolute title.
(*Waterman* v. *Smith,* 13 Cal. 374.)    The patent is conclu-
sive evidence, as against the government, and all persons
claiming under the government by title subsequent, of
the existence and validity of the grant, and of the con-
firmation of the claim thereunder, which are set forth
in its recitals.    (*Stark* v. *Barrett,* 15 Cal. 366; *Waterman*
v. *Smith,* 13 Cal. 374.)    A purchaser is not charged with
constructive notice of the deeds made by the grantor be-
fore the grantor acquired title.    (*Farmers' Loan and Trust
Co.* v. *Maltby,* 8 Paige, 361; *Lorey* v. *Simpson,* 11 N. J.
Eq. 246; *Calder* v. *Chapman,* 52 Pa. St. 359; *Page* v. *War-
ring,* 76 N. Y. 463; *Buckingham* v. *Hanna,* 2 Ohio St.
551; *Doswell* v. *Buchanan,* 3 Leigh, 365; 23 Am. Dec. 280.)
Where the purchaser has no actual notice of the mort-
gage, he is not bound to look beyond the line of title in
his grantor.    (Jones on Mortgages, sec. 560; *Wood* v.
*Chapin,* 13 N. Y. 509; 67 Am. Dec. 62; *Webster* v. *Van
Steenbergh,* 46 Barb. 211; *Crane* v. *Turner,* 7 Hun, 357;
*Clark* v. *Mackin,* 30 Hun, 411.)

*G. W. Hunter, J. N. Gillett,* and *J. F. Coonan,* for Re-
spondent.

If the title be conveyed to a person without notice, he
is a *bona fide* purchaser, and may transfer his title freed
from equities of which he had no notice to all persons
but a former owner of the same land who had notice.

When the land comes back to such a person it is subject to all the equities that attached to it while he held it. (2 Devlin on Deeds, sec. 748; 2 Pomeroy's Eq. Jur., sec. 754; *Ashton's Appeal*, 73 Pa. St. 153; *Church* v. *Rutland*, 64 Pa. St. 432; *Troy City Bank* v. *Wilcox*, 24 Wis. 671; *Trenton* v. *Eldridge*, 98 Ind. 525; *Allison* v. *Hager*, 12 Nev. 38; *Schutt* v. *Large*, 6 Barb. 373; *Church* v. *Church*, 25 Pa. St. 278; *Talbert* v. *Singleton*, 42 Cal. 391.) Land held under a certificate of purchase is an interest in real property, and may be mortgaged. (Pol. Code, sec. 3515; Civ. Code, sec. 2947; *Fuller* v. *Hart*, 48 Iowa, 163; *Kirkaldie* v. *Larrabee*, 31 Cal. 456; 89 Am. Dec. 205; *Orr* v. *Stewart*, 67 Cal. 275; *Hill* v. *Eldred*, 49 Cal. 398; *Henderson* v. *Grammar*, 53 Cal. 647; *Henderson* v. *Grammar*, 66 Cal. 332; Jones on Mortgages, sec. 177.) And an after-acquired title obtained by a mortgagor, of lands held under an option to purchase, inures to the benefit of the mortgagee. (Civ. Code, sec. 2930; *Henderson* v. *Grammar*, 66 Cal. 332; *Henderson* v *Grammar*, 53 Cal. 649; *Kirkaldie* v. *Larrabee*, 31 Cal. 456; 89 Am. Dec. 205.) And a subsequent purchaser or mortgagor with actual or constructive notice takes subject to the first mortgage. (*Bank of Louisville* v. *Barmeister*, 87 Ky. 6; *Clark* v. *Daniels*, 77 Mich. 26.) The recording of the mortgage is constructive notice to subsequent purchasers. (Civ. Code, secs. 1158, 1213, 1215; Wade on Notice, sec. 254.)

THORNTON, J. — Action to foreclose a mortgage on a parcel of land situate in Humboldt County. Defendant Abbott was the mortgagor. Abbott made default, judgment of foreclosure was made and entered against defendants, and from this judgment defendant Bull alone prosecutes an appeal. The following facts are found: On July 7, 1885, Abbott was the owner of the tract of land which he, on the 28th of July, 1886, conveyed to plaintiff by mortgage to secure the payment of a debt due by Abbott to the plaintiff. Abbott's title to

this land was derived under a certificate of purchase from the state of California bearing date the day first above mentioned. On the 28th of July, 1886, Abbott assigned his certificate of purchase, and all his title in the land mentioned therein, to one M. H. Crissmon, who purchased with actual notice of the existence of plaintiff's mortgage. On April 15, 1887, Crissmon assigned the certificate of purchase and all his title in and to said lands to C. C. Fitzgerald. Fitzgerald purchased with actual notice of the existence of plaintiff's mortgage, and agreed, as part consideration for the assignment, to pay at maturity the debt secured by the mortgage, and for this purpose retained in his hands from the purchase price the full amount of the principal and interest due on the debt. On July 1, 1887, Fitzgerald assigned the certificate of purchase, and all his title to said lands, to one R. W. Rideout, who at the time of his purchase had no knowledge of the existence of plaintiff's mortgage. Thereafter, Rideout, while the owner of the land, received from the state of California, as assignee of the certificate of purchase, a patent for said lands. The plaintiff placed the mortgage on record in the proper office in the county of Humboldt on the nineteenth day of September, 1887. On the 20th of October, 1887, and while the mortgage of plaintiff was of record, Rideout conveyed the lands described in the certificate of purchase above mentioned to the above-named C. C. Fitzgerald. On the second day of January, 1888, Fitzgerald conveyed to the defendant Bull (appellant here) the lands above referred to. At the date of the conveyance last named, Bull had full notice of the record of plaintiff's mortgage, and of the execution and existence of such mortgage.

On the facts above stated, the court rendered judgment in favor of plaintiff. We think the judgment should stand. When Fitzgerald, who was the grantor of Rideout, and who had actual notice of plaintiff's mort-

gage when he purchased and at the time he conveyed to Rideout, received a conveyance from the latter, he occupied the same position he formerly did; viz., that of a purchaser with notice of plaintiff's rights and equities. He was not protected by the fact that Rideout, his grantor, was an innocent purchaser. (*Talbert* v. *Singleton*, 42 Cal. 391; 2 Devlin on Deeds, sec. 748; 2 Pomeroy's Eq. Jur., sec. 754.) When Fitzgerald secured the conveyance from Rideout, he occupied the same position he did when he purchased from Crissmon,—that of a purchaser with notice of and bound by all the equities of Huling. The court finds that Bull took his conveyance from Fitzgerald with full notice of plaintiff's equities. We cannot see in what way the conclusion can be avoided that plaintiff had a right to enforce his rights against Bull. It may be further observed that it does not appear that Bull paid any money on his purchase. He must, then, be held to occupy the same position that Fitzgerald did, and alike subject to the enforcement of plaintiff's rights.

Judgment affirmed.

MCFARLAND, J., and SHARPSTEIN, J., concurred.