[S. F. No. 2274.   Department Two.—August 7, 1902.]

## WILLIAM C. ACKERMAN, Administrator, etc., Appellant, v. FRANCIS MERLE et al., Respondents.

ACTION BY ADMINISTRATOR—SETTING ASIDE FRAUDULENT CONVEYANCE—PARCEL SUBJECT TO MORTGAGE.—An administrator who brings an action for the benefit of creditors of the estate to set aside a conveyance made by the decedent in fraud of his creditors, one parcel of which had been previously mortgaged by the decedent to a third person, is only entitled to subject to the claims of such creditors the land fraudulently conveyed in the condition in which it was at the date of the fraudulent deed, and is not entitled to the benefit of the mortgage.

ID.—RIGHTS OF GRANTEE — PAYMENT OF MORTGAGE — SUBROGATION — PROPER DECREE.—The fraudulent grantee, who had raised money and paid off the mortgage made by the decedent, and had mortgaged private property and another parcel of the land fraudulently conveyed to secure such money, is entitled to be subrogated to the rights of the original mortgagee; and the court properly decreed that, upon the discharge by the grantee of the lien of the mortgage upon such other parcel, the grantee should have a lien upon the parcel originally mortgaged for the amount paid in satisfaction of the mortgage thereon.

APPEAL from a judgment of the Superior Court of Alameda County.   S. P. Hall, Judge.

The facts are stated in the opinion.

Stearns & Elliott, Ben F. Woolner, and George E. Caldwell, for Appellant.

B. S. Gregory, J. C. Boyle, and Whitcomb & Boyle, for Respondents.

GRAY, C.—This action is brought for the benefit of creditors of an estate, under the provisions of section 1589 of the Code of Civil Procedure, to recover from defendant three certain pieces of land described in the complaint, on the ground that they were conveyed to said defendant by the plaintiff's intestate in fraud of said creditors. The trial court determined that the parcels first and third described in the complaint were so fraudulently conveyed, and that the said defendant was a party to said fraud and received said conveyances without any consideration therefor, for the purpose of assisting the said intestate to avoid her debts; but the second-described parcel was found to be the property of defendant, lawfully acquired and owned by her. The court also found that prior to the date of the conveyance of the third piece of land it had been mortgaged to a third party; that said mortgage was a valid subsisting lien upon said land; and that said defendant borrowed money and paid off said mortgage, giving as security for the repayment of the money so borrowed a mortgage upon the first and second pieces. It is also found that as to said third tract of land the deed thereof to the defendant was made, signed, and acknowledged on June 27, 1894, but was not delivered to defendant until September 1, 1896, and that the mortgage was paid by defendant between these two dates. The court decrees that upon her discharging the lien of the mortgage upon the first piece of land, the defendant shall have a lien upon the third piece for the amount paid by her in satisfaction of the original mortgage upon that piece; so that the property recovered shall be placed practically in the condition in which it was at the date of the fraudulent deed. To this arrangement the appealing plaintiff objects, contending that he should recover the property unencumbered, and without allowance for the mortgage lien discharged by the defendant, and upon that ground he appeals from the portion of the decree relating to the said liens.

The creditors were entitled to subject to the payment of their claims only the property fraudulently conveyed. This property consisted of decedent's interest in the land, which was that of a mortgagor with a right to redeem from the mortgage. The interests of the mortgagee and the mortgagor in land are for many purposes considered as separate and distinct, and they are each the subject of separate and independent conveyances. By the fraudulent deed in this case the defendant did not acquire the interest of the mortgagee in the land, but she acquired that interest by borrowing money and paying off the mortgage debt. This was an independent transaction, in no way tainted with fraud nor accompanied with an intention to avoid creditors, for it is clear that this interest of the mortgagee could not be subjected to the claims of the creditors of the mortgagor. She having paid off this mortgage debt, the trial court treated the defendant as entitled to be subrogated to the rights of the original mortgagee, and that the creditors' claims must be secondary and subject to those rights in the hands of the defendant, just as they had been when the mortgage interest was in the original mortgagee. Of this the creditors cannot be heard to complain in a court of equity. Their rights in the property are not enlarged or extended by the fraudulent transfer. They can get nothing for the mere sake of punishing the fraudulent grantee, and are entitled in equity only to have such interest in the property applied to the satisfaction of their claims as has been fraudulently conveyed away. The principle involved in the case is aptly illustrated by a quotation from the case of *Hamilton Nat. Bank* v. *Halstead,* 134 N. Y. 520,[1] as follows:—

"Should A convey his farm to B, subject to a valid preexisting mortgage of five thousand dollars held by a third party, and B subsequently dispose of it for a larger sum, out of the proceeds of which he pays the mortgage, he cannot be required to pay to the creditors the full value of the farm without deducting the amount due on the mortgage; for as to that sum the creditors have no equity. If the fraud had not been consummated, only the value of the property in excess of the mortgage could have been made available in payment of the claims of the creditors. As to that interest secured by the

[1] 30 Am. St. Rep. 693.

mortgage, no wrong was done them. Having no right to such interest, no principle of equity exists on which to found a claim for an appropriation of any benefit, on account of it, from a fraudulent grantee of the equity of redemption.''

The foregoing views are also sustained, and most of the authorities cited by appellant are reviewed and distinguished from cases of the character here under consideration, in *Loos* v. *Wilkinson,* 113 N. Y. 485.[1]

We think the decree of the court below was, on the facts found, correct and should be affirmed.

Smith, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the decree is affirmed.                     McFarland, J., Henshaw, J.

Temple, J., concurred in the judgment.