[Civ. No. 15891. Second Dist., Div. Two. Oct. 21, 1947.]

LORN H. BETTY, Plaintiff and Respondent, v. E. W. KNAPP, Appellant; MAURICE ROSE, Claimant and Respondent.

S. V. O. Prichard, Oliver O. Clark and Robert A. Smith for Appellant.

Alexander L. Oster and Marion P. Betty for Respondents.

McCOMB, J.—From an order granting a motion for a writ of execution under section 685 of the Code of Civil Procedure as against defendant E. W. Knapp only, he appeals.

These are the undisputed facts:

May 6, 1929, plaintiff recovered a judgment against Ellen B. Crowder and E. W. Knapp. The judgment became final on November 19, 1929. The action was number 260-222 in the Superior Court of Los Angeles County. On January 22, 1932, plaintiff commenced the present action for the purpose of setting aside as in fraud of creditors a conveyance made during the pendency of action number 260-222 by Ellen Crowder to June Knapp, the wife of defendant E. W. Knapp. On September 20, 1932, judgment was entered in this action in favor of plaintiff for $3,431.50. The judgment, however, as against the defendant June Knapp was for costs only, which judgment recited that the judgment as against June Knapp had been fully satisfied.

On August 19, 1942, plaintiff obtained an alias writ of execution from the Superior Court of Los Angeles County directed to the Sheriff of Orange County with instructions to levy the execution on real property of defendants in such county. This the sheriff did on October 20, 1942, whereupon

June Knapp, wife of defendant E. W. Knapp, filed an action in the Superior Court of Orange County to enjoin the sheriff from selling the property upon which he had made levy. Within 60 days thereafter the sheriff returned the alias writ of execution wholly unsatisfied. The injunction suit in Orange County resulted in judgment in favor of plaintiff herein on March 7, 1945. Thereafter on September 13, 1945, a motion for a new trial was denied in said action.

On September 19, 1945, the Sheriff of Orange County was instructed, pursuant to a writ of enforcement issued by the Clerk of the Superior Court of Orange County, to sell the real property upon which he had previously made levy. On December 11, 1945, the Orange County Superior Court, however, quashed the writ of enforcement.

Based upon a recital of the foregoing facts a writ of execution under section 685 of the Code of Civil Procedure was issued by the Superior Court of Los Angeles County in the present action on April 5, 1946, the motion for such order having been noticed for hearing March 6, and submitted on March 13, 1946.

This is the sole question necessary for us to determine: *Was there sufficient showing that plaintiff had acted diligently in endeavoring to obtain a satisfaction of his judgment against defendant to warrant the issuance of the writ of execution under the provisions of section 685 of the Code of Civil Procedure?*

This question must be answered in the affirmative. Whether in a particular case reasonable diligence has been exercised by an applicant for a writ of execution under section 685, Code of Civil Procedure, is a matter for the determination of the trial court whose decision will not be disturbed on appeal unless it is shown that the trial court has abused its discretion.

In the present case the record discloses that an alias writ of execution was issued on August 19, 1942. We must presume that since the court gave an order for the issuance of this alias writ of execution plaintiff made a satisfactory showing of due diligence before the order was made. The record further shows that plaintiff was not able to enforce this alias writ of execution for the reason that an action was instituted in the Superior Court of Orange County by which the sheriff of that county was restrained from enforcing the writ until March 7, 1945, the date of the judgment in favor of plaintiff herein in the Orange County action.

It is clear that plaintiff was not guilty of laches in failing to take further action until the motion for a new trial was denied September 13, 1945. He then promptly sought a writ of enforcement in Orange County which was quashed on December 11, 1945. Within three months the present motion was noticed for hearing, and within 30 days thereafter the motion was granted. From such facts it is evident that the trial court did not abuse its discretion in holding that plaintiff had acted with due diligence and that he was therefore entitled to a writ of execution pursuant to section 685, Code of Civil Procedure.

The order is affirmed.

Moore, P. J., and Wilson, J., concurred.

A petition for a rehearing was denied November 10, 1947, and appellant's petition for a hearing by the Supreme Court was denied December 18, 1947.