[Civ. No. 21683. Second Dist., Div. Three. Aug. 21, 1957.]

MAURICE ROSE, Appellant, v. E. W. KNAPP et al., Defendants; JUNE KNAPP, Respondent.

A. J. Weiss, Samuel H. Sherman and Marion P. Betty for Appellant.

Dwain Tarbet and Oliver O. Clark for Respondent.

SHINN, P. J.—Appeal by plaintiff in an action to quiet title to numerous parcels of real property in Los Angeles County, including those identified in the briefs as Parcels 2, 10, 22 and 33, as to which four parcels judgment was rendered in favor of defendant June Knapp on her cross-complaint.

This is the latest of a multitude of actions maintained by plaintiff or his assignors for the purpose of collecting a judgment for $3,000 rendered in 1929. The litigation has been characterized by a tenacity of purpose and diversity of effort

that usually go with a search for buried treasure, which, in fact, it is. (*Margraf* v. *Rose,* No. 564802, Superior Court, Los Angeles County; *Betty* v. *Knapp,* 5 Cal.App.2d 512 [43 P.2d 325]; *Betty* v. *Knapp,* 81 Cal.App.2d 967 [185 P.2d 362]; *Betty* v. *Superior Court,* 18 Cal.2d 619 [116 P.2d 947]; *Knapp* v. *Elliott,* 81 Cal.App.2d 667 [184 P.2d 934]; *Knapp* v. *Rose,* 32 Cal.2d 530 [197 P.2d 7]; *Rose* v. *Knapp,* 38 Cal.2d 114 [237 P.2d 981].) The trial was lengthy. In addition to a reporter's transcript of 450 pages the record brought here contains 87 exhibits, including many introduced by reference to another superior court file, in which they were introduced by reference to another file, in which they were introduced by reference to a third file, all of which have been produced for our examination. The clerk's transcript contains 52 minute orders. The briefs of plaintiff-appellant contain 127 pages. Generally speaking, the case is briefed by plaintiff as if we were a trial court. Much space is devoted to a general discussion of plaintiff's grievances against the defendants and to the decisions in former cases. The findings were properly confined to the ultimate factual issues, which necessarily imply many findings of evidentiary facts. █ It is always presumed on appeal that the trial court gave effect to the evidence which logically tended to establish the ultimate facts found. All the material findings, express or implied, are attacked by plaintiff as unsupported by the evidence. We shall not attempt a specific reply to the arguments of plaintiff with respect to the inferences which it is claimed the trial judge should have drawn from the evidence. We are thoroughly familiar with the facts developed by the evidence and are convinced of the sufficiency of the evidence to support the findings upon which the judgment rests.

May 6, 1929 in action Number 260222 plaintiff's assignor recovered judgment against Ellen B. Crowder and Emmat W. Knapp for about $3,000. Both plaintiff and his assignor will be referred to as plaintiff even though the assignor was, at times, the actor; Ellen B. Crowder as Ellen, June Knapp as June, and Emmat W. Knapp as Knapp.

May 3, 1929, Ellen, then the owner of the subject property, conveyed the same to June.

PARCEL 2. By deed dated "June-August 14, 1936," acknowledged August 14, 1937 and recorded August 16, 1937, Ellen, June and Knapp conveyed Parcel 2 to Thomas Hye. Hye and wife conveyed to Helmick by deed dated June 15, 1944, acknowledged June 15, 1944, recorded August 12, 1953. Hel-

mick and wife conveyed to June by deed dated August 5, 1953, acknowledged August 11, 1953, recorded August 12, 1953. March 15, 1954, the City of Los Angeles deeded Lot 2 to June the title the city had acquired under foreclosure proceedings for special assessments.

PARCELS 22 and 33. Ellen, June and Knapp conveyed to Maloche by deed dated September 2, 1936, acknowledged August 14, 1936 [sic], recorded August 16, 1937. Maloche conveyed to June by deed dated August 7, 1945, acknowledged August 25, 1945, recorded March 27, 1950.

PARCEL 10. John B. Farish conveyed to Ellen by deed July 18, 1924, and Ellen gave back a trust deed for $4,800. The trustee under the trust deed reconveyed to Ellen February 13, 1931, and June, at that time, gave Farish's trustees a mortgage for $3,000. June and Knapp conveyed to the trustees by deed dated February 9, 1936, and at the same time the trustees gave June a contract to purchase the property for $1,000, upon which $100 was paid down. October 19, 1938, the trustees conveyed the property to June.

June claims title to Parcel 2 under her deed from Helmick and the deed from the city. She claims title to Parcels 22 and 33 under the deed from Maloche and to Parcel 10 under her deed from Ellen and the deed from the trustees of Farish.

Plaintiff claims title under judicial sale and deed dated May 22, 1943. The proceedings leading up to this sale were the following: January 22, 1932, plaintiff brought action Number 334097 against Crowder, June and Knapp seeking to have annuled the deed of Crowder to June of May 3, 1929, upon the ground that it was given in fraud of creditors. Notice of pendency of the action was recorded. Plaintiff prevailed in that action and the judgment entered September 21, 1932, awarded him money equivalent to the judgment in action Number 260222 and also a lien upon the property for the amount of the judgment. This was affirmed on appeal. (*Betty* v. *Knapp, supra,* 5 Cal.App.2d 512.)

January 15, 1934, certain parcels of property that had been conveyed by Crowder to June by deed of May 3, 1929, but not including the property here involved, were sold to plaintiff for the amount of his judgment under Writ of Enforcement in 334097 and the judgments in 260222 and 334097 were satisfied of record as of January 15, 1934, by entry made on the judgment docket September 19, 1935. Upon discovering that the sale was void plaintiff gave notice of a motion August 5, 1937, in action Number 334097 to have his judgment and

judgment lien revived pursuant to section 708, Code of Civil Procedure. On the same day he recorded a document giving notice of his motion to have the judgment and lien revived. Crowder, June and Knapp appeared by counsel at the hearing. August 18, 1937, an abstract of judgment was recorded in 334097; August 24, 1937, plaintiff's motion was granted.

A writ of enforcement was issued in 334097 April 6, 1942, and pursuant to a sale the four parcels here involved were deeded to plaintiff on May 22, 1943.

It is to be noted that the deed to Hye, although dated "June August 1936," was acknowledged August 14, 1937, and recorded two days later. The acknowledgment was made after the recordation of the notice of lis pendens, August 5, 1937. When defendants sought to prove the date of delivery of the deed plaintiff objected, contending that the effective date of delivery was the date of the acknowledgment. With this contention the trial court disagreed and ruled that the effective date of the deed would be the date of actual delivery. The objection was overruled and evidence was received that the deed was actually delivered to Hye August 15, 1936, and also evidence of the circumstances of its acknowledgment. This evidence was not contradicted except by the circumstance that the acknowledgment was a year later than the date of the deed. The court stated the purposes of acknowledgment, which are to enable the instrument to be placed of record and to qualify it for introduction in evidence without further proof of execution and delivery. It clearly appears that the court was of the opinion that title passed upon manual delivery of the deed (Civ. Code, §§ 1054, 1055; *Osterberg* v. *Osterberg,* 68 Cal.App.2d 254, 262 [156 P.2d 46]). There was also evidence that Hye paid a substantial consideration for the conveyance. Upon the record we must conclude that the court impliedly found that the deed to Hye was delivered in August 1936, and that Hye was an innocent purchaser. There was ample evidence to support these findings.

Thus, it appears that when Parcel 2 was deeded to Hye the judgments in 260222 and 334097 had been satisfied of record. June's title to Parcel 2 was free from the effects of the judgment in 334097. The deed of Hye and wife to Helmick was executed seven years after the judgment in 334097 had been revived. Likewise the deed of Helmick and wife to June was executed and recorded some 16 years after the judgment had been revived.

As to Parcels 22 and 33 the title was clear of any encum-

brance of the judgment at the time of the deed to Maloche, but Maloche's deed to June was executed, acknowledged and recorded long after the recordation of plaintiff's notice of motion to revive the judgment and the order reviving it.

We shall consider, first, June's contention that she took good title through the Helmick and Maloche deeds. Plaintiff contends those deeds were void because they were not recorded until after he had recorded the notice of his motion to revive the judgment. This contention is based upon section 1214 of the Civil Code which reads as follows: "Every conveyance of real property, other than a lease for a term not exceeding one year, is void as against any subsequent purchaser or mortgagee of the same property, or any part thereof, in good faith and for a valuable consideration, whose conveyance is first duly recorded, and as against any judgment affecting the title, unless such conveyance shall have been duly recorded prior to the record of notice of action."

In considering the applicability of this section we must inquire, first, as to the effectiveness of plaintiff's recorded notice of his motion. A notice of a pending action is provided for in section 409 of the Code of Civil Procedure as set out in the margin.[1]

Since plaintiff in moving for revival of the judgment was proceeding under section 708 of the Code of Civil Procedure we must consider that section.[2]

---

[1] "§ 409. In an action affecting the title or the right of possession of real property, the plaintiff, at the time of filing the complaint, and the defendant, at the time of filing his answer, when affirmative relief is claimed in such answer, or at any time afterwards, may record in the office of the recorder of the county in which the property is situated, a notice of the pendency of the action, containing the names of the parties, and the object of the action or defense, and a description of the property in that county affected thereby. From the time of filing such notice for record only, shall a purchaser or encumbrancer of the property affected thereby be deemed to have constructive notice of the pendency of the action, and only of its pendency against parties designated by their real names."

[2] "§ 708. If the purchaser of real property sold on execution, or his successor in interest, be evicted therefrom in consequence of irregularities in the proceedings concerning the sale, or of the reversal or discharge of the judgment, he may recover the price paid, with interest, from the judgment creditor. If the purchaser of property at sheriff's sale, or his successor in interest, fail to recover possession in consequence of irregularity in the proceedings concerning the sale, or because the property sold was not subject to execution and sale, the court having jurisdiction thereof must, after notice and on motion of such party in interest, or his attorney, revive the original judgment in the name of the petitioner, for the amount paid by such purchaser at the sale with interest thereon from the time of payment at the same rate that the original judgment bore; and the judgment so revived has the same force and effect as would an original judgment of the date of the revival, and no more."

The first question will be whether plaintiff's recorded notice complied with section 409, Code of Civil Procedure, and had the force and effect accorded such a notice by that section. The second question concerns the force and effect to be given the order reviving the judgment pursuant to section 708, Code of Civil Procedure. This involves the precise question whether the revived judgment did or could affect the titles of Hye and Maloche adversely, so as to give plaintiff's rights established by the revived judgment superiority over the rights of Hye and Maloche through the application of the provisions of section 1214, Civil Code.

We shall assume for the purposes of our decision that plaintiff's recorded notice complied with section 409, and that although action 334097 ceased to be pending when the judgment became final (Code Civ. Proc., § 1049), it was revived as a pending action by the steps taken by plaintiff to revive the judgment for the limited purpose of enabling the court to proceed under section 708. In other words, we shall assume that the recorded notice accomplished everything that would have been accomplished by a similar notice given in an action in equity to revive the judgment. (See *Sullivan* v. *Wellborn,* 32 Cal.2d 214, 217 [195 P.2d 787].)

The next question is what judgment could the court have rendered August 24, 1937, the date of the order reviving the judgment. The revived judgment could not have any greater force or effect. The court could then have determined that the May 3, 1929, deed of Ellen to June was in fraud as to Ellen's creditors. The revived judgment had the same force and effect as the original judgment insofar as it established plaintiff's lien as superior to any title acquired by June under the May 3, 1929 deed. But there were other sources of title through intermediate transactions which could not be disregarded. A judgment could not have been rendered August 24, 1937, except on the basis of the facts then existing and the force and effect of the revived judgment was limited accordingly.

The satisfaction of the judgment in 1934 removed the only adverse claim to the title held by June. As between herself and Ellen she was the owner of the property, and as between herself and plaintiff no judgment or lien existed. The encumbrance of the judgment having been removed, the deed of Ellen to June operated to enable June to convey unencumbered title. The deeds to Hye and Maloche conveyed unen-

cumbered title. As previously mentioned, the court found, upon evidence that was clearly sufficient, that they became bona fide purchasers. Ellen thereafter acquired no interest in the property from Hye or Maloche. At the time the judgment was revived neither Ellen nor June had any interest in the property. Revival of the judgment did not establish a lien upon the existing titles. It did not and could not impair the titles of Hye and Maloche.

The next question is whether section 1214 of the Civil Code has any application. ■ A notice of *lis pendens* only gives notice of what may be established by the judgment, and is effective with respect to what is established. ■ It is manifest that a judgment that does not affect the title of one who holds an unrecorded deed is, as to him, a nullity. The revived judgment re-established the indebtedness of Ellen and a lien upon any interest she had in the property at the time of the revival. It could not accomplish more than this, and when given full effect it was not adverse to the titles of Hye and Maloche. The deeds to them were not void and their status as bona fide holders of title was not affected by the revived judgment. Section 1214 of the Civil Code was inapplicable.

■ It is a general rule that a bona fide purchaser can transmit a good title to one who has notice of an outstanding adverse right or equity. (*March* v. *Pantaleo,* 4 Cal.2d 242 [48 P.2d 29] ; *Jones* v. *Independent Title Co.,* 23 Cal.2d 859 [147 P.2d 542].) There is a single exception to the rule, namely, that where the title held by the bona fide purchaser has come from one who had notice of an outstanding right or equity, and the title goes back to the latter, he takes not as a bona fide purchaser, but subject to infirmities assertible against one who has notice of the adverse right or equity. (*Los Angeles Inv. Co.* v. *Torchia,* 106 Cal.App. 21 [288 P. 810] ; *Huling* v. *Abbott,* 86 Cal. 423 [25 P. 4] ; *Talbert* v. *Singleton,* 42 Cal. 390; 63 A.L.R. 1362, 1372-1373; 55 Am. Jur. 1120.)

We have seen that when the deeds were given to Hye and Maloche in 1936 plaintiff had no judgment and no adverse right or claim. Therefore the exception does not apply, and the deeds to June transmitted to her the bona fide status of her grantors. To be sure, the revived judgment would have been effective to establish a lien upon the interest of Ellen, and the interest of June under the May 3, 1929 deed, if such interests had been in existence, but they had ceased to exist

through the intermediate transactions and the titles held at the date of the revival of the judgment were unaffected thereby. Plaintiff's judgment for money was against Ellen. The marshal's deed conveyed the interest of Ellen, the judgment debtor, but since she had no interest in 1942, at the time of the sale, June's title was not affected by the sale, and plaintiff acquired none.

It is unnecessary to pass upon the merits of June's further contention that she acquired a new and independent title to Parcel 2 through an alleged tax deed from the city of Los Angeles. It is admitted that she paid the city $715.27 for the deed. Plaintiff contends that it was merely a redemption, and that if it had been a tax deed it could not have created a new title, because one who owes a tax may not acquire a new title through a tax sale, citing *Garvey* v. *Byram*, 18 Cal.2d 279 [115 P.2d 501, 136 A.L.R. 1137]. It is immaterial whether there was merely a redemption or a conveyance of a tax title. ■ We note, however, that although plaintiff now offers to reimburse June for the amount paid as a condition to a judgment quieting his title the record clearly discloses that he made no offer of reimbursement at the trial, and he was therefore not in a position to demand equitable relief without doing equity. (See *Holland* v. *Hotchkiss*, 162 Cal. 366 [123 P. 258, L.R.A. 1915C 492] ; 22 Cal.Jur. 1359; *District Bond Co.* v. *Pollack*, 19 Cal.2d 304 [121 P.2d 7].) It is too late to make an offer of reimbursement. June's reliance upon a tax title is unnecessary to establish her title, and plaintiff's attack upon the tax deed as a source of title could lead to no benefit to him.

We conclude that on the basis of the foregoing plaintiff failed to establish his claim of title to Parcels 2, 22 and 33 and that the court properly quieted June's titles to those parcels.

PARCEL 10. This parcel was purchased by Mrs. Crowder from J. B. Farish July 18, 1924, part of the consideration being a note and trust deed in favor of Farish for $4,800. February 13, 1931, the trustee under the deed of trust reconveyed the property to Ellen. June at that time gave the trustees a mortgage for $3,000. February 9, 1936, June and her husband executed a deed to the trustees of Farish's estate and the latter gave June a contract to purchase the property for $1,000 of which $100 was paid down, which was evidently the unpaid balance of the $3,000 note. On August 19, 1938, the trustees conveyed the property to June. Thereafter she paid taxes and made certain improvements on the property.

It is stated by defendants, and not denied by plaintiff, that at the time of the reconveyance to Ellen, and the execution by June of a mortgage for $3,000, June paid the trustees of Farish $1,780 and that she later paid in full the contract price of $1,000.

The implied findings of the court were that all these transactions were conducted in good faith, and the findings are amply supported by the evidence. When June and her husband conveyed to the Farish trustees in 1936 she held good title under the May 3, 1929 deed, because there was no existing judgment in favor of plaintiff. He was not, at that time, a creditor of Ellen's. It may be conceded, as plaintiff contends, that all the transactions with Farish and his trustees were merely by way of security for an indebtedness, and that notwithstanding the 1936 deed June remained the equitable owner of the property as between herself and Ellen. On August 19, 1938, when the trustees conveyed to June the judgment had been revived, but while the revived judgment did reestablish the void character of the 1929 deed it did not invalidate any independent intermediate transactions.

As a creditor plaintiff could claim no more than the interest that Ellen conveyed to June in 1929. (*Ackerman* v. *Merle*, 137 Cal. 169 [69 P. 983]; *Abbey* v. *Zimmerman*, 12 Cal. App.2d 311 [55 P.2d 903].) Prior to the marshal's sale June had paid off at least $4,800 of encumbrances. An unconditional judgment in plaintiff's favor in the present action would have established title in him free of the encumbrance of $4,800 that was on Parcel 10 prior to May 3, 1929.

In determining whether Ellen had an interest in the property at the time of plaintiff's purchase at the judicial sale the court had the following to consider (1) revival of plaintiff's judgment had only the effect of a judgment that could have been rendered at that time; (2) the only conveyance of Parcel 10 from Ellen to June was the May 3, 1929 deed; (3) although that deed was good as between Ellen and June it could not have been relied upon by them as a valid conveyance against the lien of the revived judgment; (4) in 1931, when plaintiff had no action pending and held no judgment lien on the property, June assumed Ellen's debt of $4,800 by paying $1,780 to the Farish trustees and giving them a mortgage for $3,000 which she subsequently paid in full; (5) with the exception of that part of $900 which she paid between the revival of the judgment of August 24, 1937, and the deed to her from the Farish trustees of October 19, 1938, the

entire sum of $4,800 was paid off while plaintiff had no lien; (6) as between Ellen and June the latter had acquired an equitable title by reason of her assumption and payment of the debt, while Ellen, if she did not expressly authorize those transactions, stood by without expressing any objection; (7) plaintiff as a creditor of Ellen's could claim no more than the interest Ellen owned and conveyed to June on May 3, 1929 (*Ackerman* v. *Merle, supra*, 137 Cal. 169; *Abbey* v. *Zimmerman, supra*, 12 Cal.App.2d 311); (8) Ellen's interest at that time was the fee title subject to the valid indebtedness of $4,800; (9) under the implied findings all the transactions with respect to Parcel 10 after May 3, 1929, were conducted in good faith and without any intent to defraud plaintiff; (10) in 1937, whether June stood in the position of an equitable owner through transactions subsequent to May 3, 1929, or as one who had merely paid $4,800 for the use and benefit of Ellen, the latter could not have established as against June a claim to the property without reimbursing her for the sums she had paid; (11) plaintiff, claiming only through Ellen, could have had no greater rights; (12) at the time of the judicial sale the conditions were the same as at the time the judgment was revived except that June had paid off whatever balance of the $900 remained unpaid on August 24, 1937; (13) plaintiff made no offer to reimburse June in any amount as a condition to receiving a decree quieting his title.

The necessary conclusions from the foregoing were (1) that as against Ellen June held a good claim to an equitable title at the time of the judicial sale; (2) by that sale plaintiff acquired whatever rights Ellen had in the property, and no more; (3) even upon plaintiff's theory that June held no legal title except under the fraudulent deed of May 3, 1929 he could not have acquired title through his marshal's deed superior to the equitable title of June; (4) in no event could he as a creditor enlarge his claim upon Ellen's mere equity above the indebtedness of $4,800 to a claim to a clear title, when that indebtedness had been paid off in good faith, since with respect to that indebtedness, June's position, from an equitable standpoint, was that of Farish and his trustees, as holders of security for the $4,800 debt.

Upon the basis of the foregoing, the court properly denied plaintiff's claim of title to Parcel 10 and quieted title in June.

There is one further contention to be noticed. Some three years after the sale to plaintiff under the writ of enforcement

June and others brought suit against plaintiff herein seeking a judgment vacating the sale and deed. The sole basis of the action was a claim that the sale was improperly made under the writ of enforcement for the reason that the judgment was for money and could be enforced only by writ of execution. The plaintiffs in that action prevailed in the trial court but the judgment was reversed on appeal. (*Knapp* v. *Rose, supra,* 32 Cal.2d 530.) It was held that the sale was properly made under the writ of enforcement, and the judgment of the Supreme Court was that the action be dismissed. The judgment of the trial court merely ordered canceled the sale and the deed issued thereunder. It did not purport to determine the question of title as between the parties. The point decided on appeal was that the writ of enforcement was properly issued and executed pursuant to section 684 of the Code of Civil Procedure. Plaintiff contends that the judgment in that action is res judicata of the title to all four parcels as between himself and June because the question could have been put in issue and adjudicated in that action. It is argued that June could have claimed that the marshal's deed, if valid, did not convey a good title, and it appears to be contended that the judgment in some manner established title in plaintiff. The contention is untenable. The pleadings did not allege ownership nor put in issue the question of title. There was no adjudication of title, but only a judgment dismissing the action for the reason that the facts stated in the complaint failed to state a cause of action for a decree annulling the sale and the deed. The judgment, of course, is conclusive with respect to any and all claims the defendants in that action asserted or could have asserted against the validity of the sale and deed. The fact that it determined nothing more than that the deed was valid was the reason for the Supreme Court's reversal with instructions that the action be dismissed. The final judgment was merely one of dismissal. Manifestly, a judgment in an action in which title is not in issue and which does not purport to adjudicate a question of title is not a bar to a subsequent action in which the question of title is in issue.

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.

A petition for a rehearing was denied September 13, 1957, and appellant's petition for a hearing by the Supreme Court was denied October 16, 1957.