Argued February 7, decided February 14, 1911.

## DAVIS v. MAGNES.

[113 Pac. 1.]

EXECUTION—SALES—CONFIRMATION—COLLATERAL ATTACK.

1. An order confirming a sale under execution made without objection by a court having jurisdiction cannot be collaterally attacked for irregularities in the sale, but the remedy of the debtor is by appeal.

EXECUTION—SALES—IRREGULARITIES—COLLATERAL ATTACK.

2. An execution sale cannot be attacked collaterally on the ground that the sale was had without proper notice; the defect being a mere irregularity.

From Coos: JAMES W. HAMILTON, Judge.

Statement by MR. JUSTICE McBRIDE.

This is a suit by Martha Davis to have admeasured her dower interest in certain lands in Coos County. Samuel D. Magnes, Emma Magnes, his wife, Henry Sengstacken and Agnes R. Sengstacken, his wife, were made parties defendant, and each answered, claiming title to certain portions of the land mentioned in the complaint, namely, 23.89 acres of tide land, situate on Coos Bay. The defendants have settled with plaintiff in respect to her dower interest, and this litigation concerns only the respective rights of Magnes and Sengstacken in the tide land.

Magnes, who is respondent here, claims title by virtue of having purchased the land at an execution sale and through a sheriff's deed, while Sengstacken claims under quit-claim deeds from plaintiff executed several years subsequent to the execution sale. Defendant Samuel D. Magnes purchased the property at an execution sale held April 22, 1898. The sale was made by the sheriff under three executions and orders for sale of attached property, issued out of the circuit court for Coos County, in his hands for service, on April 22, 1898, in the following cases, then pending in the circuit court: (1) Case No. 1652, Eugene O'Connell, plaintiff, v. S. R. Davis, defendant. (2) Case No. 1654, S. D. Magnes, plaintiff, v. S. R.

Davis and Mrs. S. R. Davis, defendants. (3) Case No.
1655, E. G. Flanagan, plaintiff, *v.* S. R. Davis and Mrs.
S. R. Davis, defendants. (For convenience these cases
are hereinafter referred to as cases No. 1, No. 2, and
No. 3.) In each of them the tide lands aforesaid were
duly attached, and at the regular May term, 1897, judg-
ments and orders of sale of the attached property, includ-
ing the tide lands, were duly made and entered. Certain
personal property was attached in case No. 1, and the
proceeds therefrom were applied on the judgment in that
case, after litigation arising in regard thereto being
settled, which caused a delay in the issuance of the execu-
tions and orders of sale against the real property attached
in each of the actions. On March 3, 1898, an execution
and order for sale was issued in case No. 1, and the real
property therein attached was duly advertised for sale,
which included 160 acres of timber land as well as the
tide land in question. On April 20, 1898, two days prior
to the sale at which Samuel D. Magnes purchased the
property in dispute, an execution and order of sale of the
attached property was issued in cases No. 2 and No. 3,
and on the same day placed in the hands of the sheriff
for service. The 160-acre tract was sold for a sum suffi-
cient to satisfy the balance due upon the judgment and
execution in cases No. 1 and No. 2, and a small balance
was applied on the judgment in case No. 3. The latter
judgment however, was not satisfied, and plaintiff's attor-
ney requested the sheriff to proceed with the sale of the
tide lands. The sheriff, having all three executions in
his hands, the property having been duly advertised for
sale on execution on case No. 1, proceeded with the sale
of the tide lands, whereupon defendant Samuel D. Mag-
nes bought the property. The sale was duly reported
to the court and the sheriff made a return thereof. On
motion of plaintiff, in case No. 1, the sale of both tracts
was duly confirmed on the 10th day of May, 1898.

Defendant S. R. Davis appeared by his attorney, and made no objection to the confirmation. In September, 1902, S. R. Davis, who has since died, and Martha Davis, his wife, the plaintiff in this suit, executed quit-claim deeds to Henry Sengstacken, whereby they purported to relinquish all their right, title, and interest in and to the tide lands to him for the sum of $1.00. Samuel D. Magness contends that Henry Sengstacken never acquired any interest in the tide lands by virtue of the deeds for the following reasons: (1) That all irregularities in the sale of the tide lands were cured by the order of confirmation made and entered May 10, 1898. (2) That defendant S. R. Davis and his successor in interest, Henry Sengstacken, by failure to object to the confirmation of such sale, and by the acquiescence of S. R. Davis therein, is estopped to assert title to the premises. (3) That any and all irregularities in the sale of the title have been fully cured by the curative acts of the law approved February, 1899, and the one approved February, 1907.

The contention of appellant Sengstacken is that, the execution in case No. 1 having been fully satisfied by sales before the tract in question was sold, the sale in case No. 3 was void, that the sheriff had no power to sell, to satisfy the last execution, without a new notice, and that the sale was utterly void, and not cured by confirmation. The same sheriff being still in office, defendant Magnes, after the institution of this suit, asked and obtained leave for the sheriff to file an amended return upon the execution sales referred to, from which amended return it appears that the land in controversy was sold on the last execution. The notice of the application to file the amended return was served upon defendant Sengstacken, and no objection thereto appears of record.                              AFFIRMED.

For appellant there was a brief over the names of *Mr. Charles A. Sehlbrede, Mr. John F. Hall* and *Mr. James T. Hall* with oral arguments by *Mr. Sehlbrede* and *Mr. John F. Hall.*

For respondent there was a brief and an oral argument by *Mr. Joseph W. Bennett.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

1. We think the order of confirmation of the sheriff's sale by the court was conclusive of its regularity, and that it cannot now be impeached. It was made without objection years ago when all parties were present in court. The court thus had jurisdiction of the parties and the subject-matter, and, if its action was erroneous, an appeal to this court from the order was the proper and only remedy to correct it. It is now claimed that under the circumstances the sale of the lands in question was void, but the court having full power to adjudicate that question, at the time the order of confirmation was made, decided otherwise. If the order had been taken without the appearance of the execution defendant in court, a different question might have arisen. But here the defendant, with full knowledge of his rights, failed to assert them, and neither he nor his grantees ought now to be heard to question a judgment so taken: *Mathews* v. *Eddy*, 4 Or. 225; *Dolph* v. *Barney*, 5 Or. 191; *Strong* v. *Barnhart*, 6 Or. 93; *McRae* v. *Daviner*, 8 Or. 63.

2. An execution sale without proper notice is in any event a mere irregularity, and such sale cannot be attacked collaterally. Freeman, Executions, § 286, and cases there cited.

The decree of the circuit court is affirmed.

                                              AFFIRMED.