Argued February 10, affirmed February 21, 1928.

## MT. VERNON NATIONAL BANK *v.* GEORGE A. MORSE.

(264 Pac. 439.)

For appellant there was a brief and oral arguments by *Mr. O. C. Boggs* and *Mr. T. J. Enright.*

For respondent there was a brief and oral argument by *Mr. Porter J. Neff.*

COSHOW, J.—1. The order of the court striking the allegation from the answer is sustained. Sale of land or an interest therein on execution without the statutory notice is an irregularity when the court has jurisdiction of the subject matter and of the parties. For the purpose of directing a sale of the real property the court, in the State of Washington, had jurisdiction both of the parties and the subject matter. The sale was confirmed. Defendant's attack thereon is collateral and is therefore not available to defendant in this action.

"An execution sale without proper notice is in any event a mere irregularity, and such sale cannot be attacked collaterally. Freeman, Executions, § 286,

and cases there cited." *Davis* v. *Magnes*, 58 Or. 69, 72 (113 Pac. 1).

2. The court, in the suit brought by plaintiff to foreclose defendant's interest in the real property in the State of Washington, never acquired jurisdiction of defendant. That court acquired jurisdiction of the subject matter, was authorized to foreclose said contract, to sell the land and all of the interest of the defendant therein, but could not render a valid judgment against defendant personally. The record shows that it did not attempt to. No judgment has ever been rendered against defendant on the note involved. No valid judgment could have been rendered against defendant in the State of Washington upon the service made in that case without the personal appearance of defendant: *Pennoyer* v. *Neff*, 95 U. S. 714 (24 L. Ed. 565).

3. It appears from the pleadings that the note given by defendant to plaintiff, and which is the basis of the case at bar, was not secured by a purchase price mortgage within the meaning of Section 426, Or. L. It is referred to in the proceeding to foreclose said contract, in the State of Washington, as having been given on account of the purchase price of said land. In a sense it is true because the money represented by the note was paid to the vendor by defendant who was vendee on account of the purchase price. The note actually was given for money borrowed from plaintiff. The only way in which plaintiff sold the land must have been, under the pleadings and the record, as an agent for the owner. Plaintiff, through some of its agents, may have acted as agent, either for defendant or the owner and vendor of the land, or both, in the sale to defendant. In no other way can the allegations

and denials of defendant's answer be reconciled. The note was not given for "the balance of the purchase price," which is the language used in said Section 426. The note was given for money actually borrowed from plaintiff and paid to the vendor. That is a very different transaction from giving a mortgage for the balance of the purchase price.

This court has ruled that where money is borrowed from and a note given to a person other than the vendor, it may represent money that is used in making payment on account of the purchase price but does not thereby come within the provisions of said Section 426: *Ladd & Tilton Bank* v. *Mitchell*, 93 Or. 668 (184 Pac. 282, 6 A. L. R. 1420).

4. It is unnecessary to discuss other questions presented by the briefs. It is immaterial whether the contract should be construed according to the laws of Oregon or of Washington. The note sued upon has never been reduced to judgment. It has never been paid. It was not given for the balance of the purchase price of real property but was given by defendant for money borrowed from plaintiff. The allegations in the answer do not constitute a defense to the note. The court correctly directed a verdict in favor of the plaintiff.

The judgment is affirmed. AFFIRMED.

RAND, C. J., and McBRIDE and ROSSMAN, JJ., concur.