[Civ. No. 5334.   Third Appellate District.—March 25, 1935.]

LORN H. BETTY, Respondent, v. JUNE KNAPP et al., Appellants.

The facts are stated in the opinion of the court.

Benjamin Chipkin for Appellants.

Marion P. Betty and Proctor K. Perkins for Respondent.

PLUMMER, J.—The plaintiff had judgment in an action brought to set aside a conveyance of certain property, made, executed and delivered by the defendants, E. W. Knapp and Ellen B. Crowder, to June Knapp, on the ground that said conveyance was made to defraud creditors. From this judgment the defendants appeal.

The record shows that on or about the thirty-first day of August, 1928, the plaintiff commenced an action in the Superior Court of Los Angeles County, numbered 260222, against the defendants, Ellen B. Crowder and E. W. Knapp, and on May 6, 1929, the plaintiff recovered judgment against said defendants for the principal sum of $3,000 and costs in the sum of $374.05; that several executions were thereafter issued on said judgment against the defendants, Ellen B. Crowder and E. W. Knapp; that the plaintiff was wholly unable to find any property upon which said executions could be levied, and the sheriff to whom said executions were delivered, returned every execution unsatisfied.

The record shows, and the court also found, that subsequent to the commencement of action numbered 260222, and prior to the entry of the judgment therein, but after the indebtedness on which said judgment was rendered had been incurred, the defendant, Ellen B. Crowder, for the purpose of defrauding the plaintiff and preventing him from collecting the said indebtedness, conveyed to the defendant, June Knapp, by a grant deed, substantially all of the real property owned by her and her son, E. W. Knapp, which stood in the name of the said Ellen B. Crowder.

The complaint also alleges, and the court likewise found, that the defendant, June Knapp, knew of the indebtedness of the defendants, Ellen B. Crowder and E. W. Knapp to the plaintiff herein, and that she received the conveyance just mentioned with the intent and purpose of defrauding the plaintiff, and preventing the plaintiff from collecting

the indebtedness represented by the judgment obtained in action numbered 260222.

The court further found that the transfer referred to left the said defendants, Ellen B. Crowder and E. W. Knapp, insolvent; also, that the conveyance made by the said Ellen B. Crowder and E. W. Knapp was without consideration, and in contemplation of insolvency at the time of making said transfer; that after the conveyance so referred to there was an insufficient amount of property standing in the names of the defendants, or of either of them, to satisfy, either in whole or in part, the judgment entered in favor of the plaintiff in action numbered 260222. The court also found that the sureties given on an undertaking to stay judgment in action numbered 260222 were insolvent, and that proceedings taken against them had resulted in nothing being recovered. Judgment was accordingly entered, holding the conveyance made by the defendants, Ellen B. Crowder and E. W. Knapp, to the defendant, June Knapp, void, and therefore subject to the lien of the plaintiff's judgment heretofore referred to.

Upon this appeal the defendants allege as grounds for reversal that the court erred in sustaining an objection to the question propounded to E. W. Knapp as to property owned by the defendant, Ellen B. Crowder; that the court erred in not permitting Mrs. June Knapp to testify to the consideration passing to Ellen B. Crowder for the transfer of the property sought to be set aside in this section; that the court erred in finding that the defendants, E. W. Knapp and Ellen B. Crowder, transferred the property described in the complaint without consideration; that the transfer left said defendants insolvent, and was made with intent to hinder and delay creditors; that there was no evidence in the record to prove that the defendants, E. W. Knapp and Ellen B. Crowder, were insolvent; that there was no evidence to show that the defendants were not possessed of sufficient property to satisfy the judgment; that there was no evidence showing that June Knapp had accepted the conveyance referred to in the complaint, with knowledge of the insolvency of the defendants, Ellen B. Crowder and E. W. Knapp.

As to the first objection urged by the appellants the transcript shows that E. W. Knapp was allowed to testify

as to such property, his testimony relating to a list of property he had testified to on supplementary proceedings showing the property owned by Mrs. Crowder and himself in Los Angeles and other counties. The testimony appears to have been admitted for the purposes of the record only. The question propounded to witness Knapp, covered ownership, location and value. The record shows that the appellants made no definite offer of specific proof of any record title, and no other evidence of ownership of other property through the testimony of the defendant, Knapp. The question and offer, as stated by respondent, stated a compound question. The rule is well settled that an owner of property may testify as to its value. There is no showing in the offer that the witness knew anything about the value of the property owned by his co-defendant. The record shows, however, that the witness, Knapp, did testify as to the personal property he owned, and also as to the real property owned by Mrs. Crowder. Hence, if any error was committed by sustaining the objection of respondent in the first instance, it was cured by the testimony subsequently admitted.

That the second obligation urged by the appellant that the court erred in not permitting Mrs. June Knapp to testify as to the consideration passing to Ellen B. Crowder for the transfer of the property sought to be set aside, is not well taken, is shown by the following excerpt from the bill of exceptions, which shows all that took place before the trial court in relation thereto, to wit: ''June Knapp was sworn and testified as follows on direct examination, that she was one of the defendants and the wife of E. W. Knapp, and the grantee named in the deed referred to in the above entitled action. Defendants thereupon made an offer of proof by conversations between June Knapp and Mrs. Crowder had prior to June Knapp's marriage to Mr. Knapp in September, 1920, of an oral contract with Mrs. Crowder relating to the transfer of half of Mrs. Crowder's property to her in return for her personal services and marriage to E. W. Knapp, as the consideration of the execution of said deed from Mrs. Crowder to June Knapp. Counsel for defendants again asked Mrs. Knapp for the conversation had between herself and Mrs. Crowder some time in 1920, re-

lating to said contract, to which objection was made and sustained." This conversation of course was self-serving, was not in the presence of the plaintiff, there was no showing that it had any relevancy whatever to the issues involved in this action, nor was any offer made showing the materiality or competency of the testimony.

In argument, the counsel for the appellants sets forth that the conversation involved the marriage of June Knapp to E. W. Knapp, and took place prior to the marriage. The conveyance was not made until many months after the marriage which took place between E. W. Knapp and June Knapp, and attempted to convey the whole title, and not a one-half interest in the real property referred to.

The contention of the appellant in relation to the marriage which took place after the conversation referred to, as constituting a consideration for the transfer made after the marriage, is completely answered in the case of *Sudbrock* v. *Kroener et al.,* 136 Cal. App. 624 [29 Pac. (2d) 435]. It is there held that marriage is not such performance of an oral antenuptial agreement as to take the agreement out of the operation of the statute of fraud requiring all such agreements to be in writing.

We find nothing in the record where the defendants attempted directly to show the consideration for the conveyance. All that does appear is an attempt to show a conversation had preceding the marriage referred to, relative to one-half of the property. As the record appears before us it shows a transfer of real property without any valuable consideration; that it was made voluntarily, and that upon its conveyance it left the defendants, E. W. Knapp and Ellen B. Crowder, insolvent, or so nearly so as to be unable, in any degree whatever, to meet the indebtedness owing to the plaintiff in this action.

That $10 is not a valuable consideration for the transfer of property worth several thousand dollars needs no discussion. The recitation in the deed, "other valuable consideration", is merely a conclusion and not a statement of any fact showing valuable consideration.

The case of *Sudbrock* v. *Kroener et al., supra,* is so complete in covering all the questions tendered for consideration in this action that we can only refer to the opinion in

that case as being conclusive against the objections to the findings of the court urged by the appellants in this action.

The purported offer of proof relative to the oral contract entered into between June Knapp and Ellen B. Crowder prior to the marriage of June Knapp and E. W. Knapp, set forth in appellants' brief, is not contained in the transcript, and therefore cannot be considered by us for any purpose upon this appeal. The conveyance referred to, as shown by the record, being voluntary, the burden rests upon the defendants to show sufficient property remaining to satisfy the claims of creditors.

In *Schwartz* v. *Brandon*, 97 Cal. App. 30, 35 [275 Pac. 448], we find this language: "A grantor who sets up a voluntary conveyance, knowing that he has pre-existing creditors, is required to prove that he had the means to satisfy the creditors at the time of the transfer, over and above the value of the transferred property."

Objection No. 3 urged by the appellants is that there is no showing made that the transfer of the property rendered the defendants, E. W. Knapp and Ellen B. Crowder, insolvent. As called to our attention by the respondent, appellants, on page 20 of their brief, conceived that a *prima facie* showing of insolvency was made by the plaintiff's evidence. We think the records shows much more than a *prima facie* evidence of insolvency, and the admission by the defendants of insolvency could not very well be avoided, as there was no showing of any other property of value. We may, in this connection, however, call attention to the record which shows that E. W. Knapp did have an interest in a certain tract of land; that a witness by the name of E. H. Bennett testified that this property was worth from $7,000 to $8,000. In rebuttal of this testimony a witness by the name of Ralph Marshall, a deputy county assessor, testified that the same property was not worth more than $250. The court heard the testimony of the two witnesses, and accepted, as appears by the findings, the testimony of the deputy county assessor.

While not following the remainder of the points which are to some extent reiterations of what we have referred to as being urged by the appellants, the record shows that June Knapp was present at the trial of action numbered 260222 and testified as a witness for Ellen B. Crowder and E. W.

Knapp, that she was the wife of E. W. Knapp, and that all three lived together under one roof, and at all times prior to the rendering of the judgment in case numbered 260222, knew of the claim of Betty. It was during the trial of action numbered 260222 that the property involved in this action was transferred by E. W. Knapp and Ellen B. Crowder to the deefndant, June Knapp. The record shows, as we have stated, that several executions, to wit, five in number, had been returned unsatisfied, and there is an entire absence in the record as to any property belonging to either of the defendants, E. W. Knapp or Ellen B. Crowder, sufficient to satisfy the judgment held by the plaintiff.

The judgment is affirmed.

Thompson, J., and Pullen, P. J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 24, 1935.