[L. A. No. 20052. In Bank. Sept. 2, 1948.]

JUNE KNAPP et al., Respondents, v. MAURICE ROSE et al., Appellants.

A. J. Weiss, Alexander L. Oster and Marion P. Betty for Appellants.

S. V. O. Prichard, Oliver O. Clark and Robert A. Smith for Respondents.

EDMONDS, J.—About three years after the sale of certain real property under a writ of enforcement, June Knapp and E. W. Knapp, the judgment debtors, sued to set it aside upon the ground that the judgment was one for money and could only be carried into effect by a writ of execution. The appeal from the judgment in their favor presents for decision procedural questions arising out of litigation commenced almost 20 years ago.

In 1929, Lorn Betty recovered a judgment against Ellen Crowder and her son, E. W. Knapp, for $3,000 and costs. After the judgment became final, numerous executions were issued and returned unsatisfied. Betty then discovered that certain property standing in the name of Ellen Crowder but owned by her and E. W. Knapp had been conveyed to Knapp's wife, June Knapp. He then filed an action for declaratory relief and in his first cause of action stated that the conveyance to June Knapp had been made to defraud creditors. In the second cause of action, he alleged the entry of judgment for $3,000 and costs and that Mrs. Crowder and E. .W. Knapp had taken an appeal and secured a release of the lien of the judgment by filing a bond. The appeal was later dismissed and he recovered judgment against the sureties, who were then insolvent. Other allegations were

that the plaintiff "desires to obtain a new judgment in order that an abstract of same may be recorded in the County Recorder's office of Los Angeles County, and thereby enable the plaintiff to secure a new judgment lien upon the property described in said deed."

The prayer of the complaint was: (1) that June Knapp be required to deliver up the conveyance of the property and that it be canceled and declared null and void; (2) that the defendants be enjoined from disposing of or encumbering the property; (3) "That an alias execution be issued out of this Court directed to the Sheriff . . . empowering him and commanding him to sell said real estate to satisfy said judgment, or so much thereof as may be necessary to satisfy the same"; (4) "For a judgment against the defendants, Ellen B. Crowder and E. W. Knapp, [in] the sum of $3,000 principal", with interest, and certain costs; and (5) "That the Court decree that a judgment lien in favor of the plaintiff, exist upon the property described in the deed" to June Knapp.

The judgment in plaintiff's favor, after reciting that the conveyance to June Knapp was to defraud creditors and void, provided: "that the plaintiff do have a judgment lien upon the property . . . for the full amount of his judgment and costs in [the first] action . . . that an alias execution be issued out of this court directed to the Sheriff . . . empowering him and commanding him to sell said real estate described in said deed, or so much. thereof as may be necessary to satisfy plaintiff's judgment in [the first] action . . . that plaintiff have judgment against the defendants Ellen B. Crowder and E. W. Knapp in the sum of three thousand dollars ($3,000.00) principal, together with costs . . . that the plaintiff in this action may proceed upon his execution heretofore issued, or upon an alias execution, upon the judgment in his favor mentioned in the complaint herein and that the said defendants . . . deliver to the Sheriff, upon any such execution, said property, . . . to be sold and the proceeds applied to the satisfaction of said judgment and·interest, and also the costs of this action, . . . ." Upon appeal, the judgment was affirmed. (*Betty* v. *Knapp*, 5 Cal.App.2d 512 [43 P.2d 325].)

Thereafter execution issued on this judgment. Upon execution sale, Betty, the judgment creditor, bought the property for the full amount of the judgment and it was satisfied of record. Thereafter it was found that the property was subject to a prior declaration of homestead, and Betty was

unable to obtain either title or possession of the property. These facts were presented to the court and it granted his motion to revive the judgment upon the ground that the sheriff's sale was void.

Several writs of execution and writs of enforcement of the revived judgment were recalled because of irregularities in connection with their issuance. The judgment was then assigned to defendant Rose who obtained an alias writ of enforcement which included a copy of the judgment. Notice was published and posted and June Knapp and E. W. Knapp, the present plaintiffs, and Ellen B. Crowder were personally served. The property was sold at public auction. E. W. Knapp purchased one of the parcels and the respondent Rose bought the remainder.

In the present suit the judgment debtors allege ''That said alias writ of enforcement at the time of its issuance, . . . was, and at all times since has been and now is, invalid and of no force or effect whatsoever for the reason, among others, that the judgment upon which [it] . . . was issued . . ., was a judgment for money; and that the only appropriate writ under the laws of the State of California for the enforcement of said judgment was a writ of execution.'' The court found that the sale and deed executed thereunder were void and as a conclusion of law declared that the revised judgment ''does not authorize or support the issuance of any writ of enforcement in said action, . . . [and] by its terms limits the processes of the court which may thereafter be issued or used in the enforcement of the rights of the plaintiffs as determined in . . . [the second] action . . ., to the execution theretofore issued in . . . [the first] action . . ., or to an alias execution to be thereafter issued upon the said judgment in . . . [the first] action. . . .'' The certificate of sale and the deed issued thereunder were canceled.

Upon the appeal, it is urged, among other points, that the judgment debtors cannot collaterally attack the proceedings and sale under the writ of enforcement. The respondents maintain that where an order or judgment is void on its face, it may be stricken from the record at any time, and the present action is a proper one for that purpose. The theory of the judgment debtors is that only a writ of execution could properly issue upon the second judgment, and because Rose, the assignee, obtained a writ of enforcement, the subsequent certificate of sale and deed are void.

■ Section 684 of the Code of Civil Procedure provides that where the judgment is for money, it is enforced by a writ of execution; but "when the judgment requires the sale of property, the same may be enforced by a writ reciting such judgment, or the material parts thereof, . . . ." The writ which is the basis of the present controversy was denominated a "writ of enforcement" and recited the fact that ·a second judgment had been entered which ordered certain property to be sold, and a copy of the judgment was attached to the writ. It is, therefore, immaterial whether the writ was entitled a "writ of enforcement," "writ of execution," or "order of sale," as long as the substance of it was sufficient and in conformance with the statute. The writ obtained by Rose fulfilled these requirements.

■ Any objections which the judgment debtors had to the issuance of the certificate of sale and deed should have been raised by motion to set aside the sale. "At the outset it may be stated as a general rule supported by many authorities, that in a proceeding to set aside a sale under execution, excepting where some special facts are alleged which may create jurisdiction in a court of equity, the proper procedure is by motion to vacate the sale in the action under which it is claimed any irregularities occurred." (*Colver* v. *W. B. Scarborough Co.*, 73 Cal.App. 441, 444 [238 P. 1104]; *Mitchell* v. *Alpha Hardware & Supply Co.*, 7 Cal.App.2d 52, 56 [45 P.2d 442].) But the Knapps, conceding that this is the usual rule, contend that this case falls within a "well defined exception." It is claimed that equitable relief is proper where a stranger to the record is involved because a stranger may not assail a void judgment or order by motion, and the only other remedy is an action in equity. It is argued that June Knapp, although originally a defendant in the second case, ceased to be a party when the judgment was satisfied as to her. The cases cited by the respondents hold that a stranger to an action may not make a motion in it (*Difani* v. *Riverside County Oil Co.*, 201 Cal. 210 [256 P. 210]; *Estate of Aveline*, 53 Cal. 259; *Lavaysse* v. *Superior Court*, 63 Cal.App.2d 223 [146 P.2d 686]) but no authority is cited to the effect that a party changes his position by satisfaction of the judgment. Furthermore, the only portion of the judgment satisfied against June Knapp is the amount awarded for costs and it also specifically orders her to deliver the property to the sheriff.

For many years, by a series of obstructive delays and procedural mishaps, the judgment debtors have succeeded in avoiding the payment of the amount which they owe and they do not suggest, much less assert, that Rose is not entitled to enforce his claim against them. They seek to set aside the sale of the real estate for the sole reason that the writ under which the sale was made did not bear the correct title. This is no ground for relief in a collateral attack upon deeds made pursuant to the order of the court.

The judgment is reversed with directions to the trial court to enter a dismissal of the action.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.

Respondents' petition for a rehearing was denied September 30, 1948.