[L. A. No. 21556. In Bank. Dec. 4, 1951.]

MAURICE ROSE, Appellant, v. E. W. KNAPP et al., Defendants; JUNE KNAPP et al., Respondents.

A. J. Weiss and Samuel H. Sherman for Appellant.

Bodkin, Breslin & Luddy, S. V. O. Prichard, Benjamin Chipkin and Oliver O. Clark for Respondents.

GIBSON, C. J.—This appeal involves the propriety of the trial court's dismissal of a quiet title action pursuant to a motion made by defendants June Knapp and Mattie Hye on the ground that plaintiff had failed to bring the action to trial within five years after the filing of the complaint and that dismissal was mandatory under section 583 of the Code of Civil Procedure.*

More than 20 years ago, in 1929, Lorn Betty, plaintiff's predecessor, recovered a money judgment against Ellen Crowder and her son, E. W. Knapp. Betty then brought an action to set aside an alleged fraudulent conveyance of real

---

*Code Civ. Proc., § 583, provides in part that an action "shall be dismissed by the court . . . unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have filed a stipulation in writing that the time may be extended. . . ."

property to June Knapp, wife of E. W. Knapp, and in September, 1932, obtained a judgment which provided that he should have a lien upon the property and directed that execution should issue accordingly. (See *Betty* v. *Knapp*, 5 Cal. App. 2d 512 [43 P.2d 325].) The real property was sold to Betty on execution, and the judgment was satisfied of record, but in August, 1937, the court granted a motion to revive the judgment on the ground that the sheriff's sale was void. (See *Betty* v. *Superior Court*, 18 Cal.2d 619 [116 P.2d 947].) The judgment was thereafter assigned to plaintiff Rose who obtained an alias writ of enforcement and purchased the property at public auction. The present quiet title action was commenced by Rose on July 16, 1943, and the trial was set for June 21, 1944, but after a continuance counsel stipulated on October 20, 1944, that the cause should go off calendar.

On January 18, 1945, the Knapps instituted an action to annul the writ of enforcement under which the real property had been sold and upon which plaintiff's title is predicated. Judgment was entered in favor of the Knapps on May 15, 1946, annulling the writ of enforcement and cancelling the certificate of sale and the deed issued thereunder. This judgment was subsequently reversed on appeal, and the writ was held to be valid, by an opinion which became final on October 2, 1948. (*Knapp* v. *Rose*, 32 Cal.2d 530 [197 P.2d 7].) It was pointed out in that case that "for many years, by a series of obstructive delays and procedural mishaps, the judgment debtors have succeeded in avoiding the payment of the amount which they owe and they do not suggest, much less assert, that Rose is not entitled to enforce his claim against them." (32 Cal.2d at p. 535.)

During the pendency of *Knapp* v. *Rose, supra,* plaintiff Rose filed a memorandum to set the present case for trial. The case was set for December 8, 1947, but it was continued until June 16, 1948, when it was ordered off calendar by a minute order which recited that, by stipulation, counsel for the parties had waived the five year provision of section 583 of the Code of Civil Procedure. On March 7, 1949, after the decision on appeal in *Knapp* v. *Rose,* plaintiff again moved to set the case for trial, and a date was set, but defendants made motions to dismiss under section 583, and the trial was continued to September 12, 1949, pursuant to a stipulation that defendants' rights under section 583 would not be prejudiced. On August 30, 1949, more than 14 months after the making of the minute order reciting the waiver of section 583, de-

fendants moved to correct the order by deleting the recital, and the motion was granted on November 16, 1949. Pending that decision, three additional continuances were ordered on the court's own motion.

Between December 1, 1949, and February 7, 1950, defendants made a series of unsuccessful applications to three different trial judges for dismissal of the action under section 583. On February 6, 1950, June Knapp petitioned the District Court of Appeal for a writ of prohibition to restrain trial of the action on the theory that dismissal was mandatory, but the writ was denied on the following day. The cause was then transferred for trial before a judge who had not passed on the prior motions to dismiss, and on February 10, 1950, he made the dismissal order from which the present appeal was taken.

██ The provision of section 583, requiring dismissal if an action is not brought to trial within five years after the filing of the complaint unless the parties have stipulated for an extension of the period, is mandatory, but it is subject to implied exceptions. As stated in *Christin* v. *Superior Court,* 9 Cal.2d 526, 532-533 [71 P.2d 205, 112 A.L.R. 1153], "The purpose of the statute is plain: to prevent *avoidable* delay for too long a period. It is not designed arbitrarily to close the proceeding at all events in five years . . ." and one exception has been recognized "where, for all practical purposes, going to trial would be impossible, whether this was because of total lack of jurisdiction in the strict sense, or because proceeding to trial would be both impracticable and futile." (See, also, *Pacific Greyhound Lines* v. *Superior Court,* 28 Cal.2d 61, 67-68 [168 P.2d 66]; *City of Pasadena* v. *City of Alhambra,* 33 Cal.2d 908, 916-917 [207 P.2d 17]; *Judson* v. *Superior Court,* 21 Cal.2d 11, 14 [129 P.2d 361]; *Westphal* v. *Westphal,* 61 Cal.App.2d 544, 550 [143 P.2d 405].) What is impossible, impracticable or futile must, of course, be determined in the light of the facts of the particular case.

█ As we have seen, the present quiet title action had been pending for over six and a half years when it was dismissed, but for over two years and four months of that time there was outstanding against plaintiff a judgment in *Knapp* v. *Rose* annulling the writ of enforcement and cancelling the certificate of sale and the deed to plaintiff issued thereunder. Although the writ was eventually held to be valid in *Knapp* v. *Rose,* 32 Cal.2d 530 [197 P.2d 7], prior to that decision plaintiff was faced with the judgment of the trial court can-

celling the deed on which he relied as establishing his title. Obviously, while that judgment was outstanding, and until it was reversed or set aside, it was a bar to the prosecution of plaintiff's quiet title action because, so long as it was effective, it operated to destroy or impair the basis for plaintiff's action, and it would have been impracticable and futile for plaintiff to have attempted to bring his action to trial. Accordingly, the time which elapsed between the entry of judgment in *Knapp* v. *Rose* and the final decision thereof on appeal is to be excluded in computing the five-year period under section 583, and it was error to hold that dismissal was mandatory.

Plaintiff has advanced two other contentions as grounds for reversal. He claims that the decision of the District Court of Appeal denying a writ of prohibition was res judicata and that the trial court erred in granting a motion "to correct the record" by striking from a minute order the recital that the parties by stipulation had waived the five-year provision of section 583. However, in view of the conclusion we have reached, it is unnecessary to consider these contentions.

Plaintiff has also filed a notice of appeal from an order denying his motion to vacate the order correcting the record, but the order denying relief, being an intermediate order made prior to the dismissal, was not appealable under section 963 of the Code of Civil Procedure.

The order of dismissal is reversed, and the appeal from the order denying the motion to vacate is dismissed.

Shenk, J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.

The opinion was modified to read as above printed on December 27, 1951.