[Civ. No. 21837. Second Dist., Div. One. Aug. 9, 1956.]

MELVIN B. BOSWORTH et al., Petitioners, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; HELEN HARRIS et al., Real Parties in Interest.

John S. Bolton for Petitioners.

Harold W. Kennedy, County Counsel, and William E. Lamoreaux, Assistant County Counsel, for Respondent.

Ray L. Mayfield and Clarence L. Heublein for Real Parties in Interest.

NOURSE (Paul), J. pro tem.*—Petitioners seek a writ of mandate to compel the respondent court to dismiss an action commenced against them by one Helen Harris and in which action one Carroll M. Dunnum has intervened on behalf of the plaintiff.

The facts in this matter are:

Petitioners were, under a will of one Viannia Chesney, the devisees and legatees of all of her property, real and personal. On March 4, 1949, they filed a petition in the respondent court to have this will admitted to probate. A contest to the will was filed by Helen Harris, an heir of decedent; and after trial of the issues of fact presented by the contest and the answer thereto, the court found that the will was the product of undue influence exerted by petitioners upon the testatrix, and denied the will admission to probate. From the judgment denying probate, petitioners appealed. Upon this appeal judgment was rendered affirming the judgment of the trial court,[1] and on May 10, 1951, the remittitur from the District Court of Appeal was filed in the respondent court.

On November 17, 1950, Helen Harris commenced the subject action in the respondent court against petitioners. She also joined as a defendant the special administrator of the estate of Chesney, alleging that it had refused to join as a party plaintiff. By this action she sought to cancel a deed by which the decedent had conveyed certain real property to petitioners; to have it declared that petitioners held the title to said real property in trust for the heirs of the deceased; that petitioners be ordered to execute a deed to said real property to the Security First National Bank of Los Angeles as special administrator of the estate of said deceased; and that the special administrator have judgment against the defendants for the sum of $5,000 on account of an encumbrance in that amount placed upon the property by petitioners.

On or about January 23, 1953, plaintiff filed an amended complaint; and on March 10, 1954, Dunnum, having been appointed administrator of the estate of Viannia Chesney, filed, by leave of court, his complaint in intervention alleging that he joined "said plaintiff in this action."

The case was set to be tried on November 15, 1955, but by stipulation of counsel was placed off calendar to be reset

*Assigned by Chairman of Judicial Council.
[1] *Estate of Chesney,* 102 Cal.App.2d 708 [228 P.2d 46].

after 30 days. On February 14, 1956, plaintiff in intervention gave notice of motion for an early setting of the case for trial, and on February 17 petitioners gave notice of motion to dismiss the action because of failure to bring the case to trial within five years. On March 20 the court denied petitioners' motion to dismiss the action, and on March 26 granted the motion to set the case for an early trial and fixed July 30, 1956, as the date of trial.

██ The provisions of section 583, Code of Civil Procedure, which require an action to be dismissed for want of prosecution if not brought to trial within five years, are mandatory; and the trial court has no discretion but to grant the motion, except where the action has been continued by a written stipulation filed with the court, or where it is shown that the defendant has been absent from the state or concealed therein, or unless the operation of the statute has been tolled.[2]

The plaintiff in intervention contends that, at least insofar as the complaint in intervention is concerned, the action cannot be dismissed because five years have not expired from the date of the filing of that complaint. There is no merit in this contention. The rights and interests of plaintiff in intervention, as administrator of the estate of Viannia Chesney, in the property, asserted by his complaint in intervention were not adverse to those of the plaintiff Harris. He was in privity with her and with the other heirs of the decedent (*Spotts* v. *Hanley,* 85 Cal. 155 [24 P. 738]; *Miller* v. *Oliver,* 54 Cal.App. 495, 504 [202 P. 168]). He did not, by his affidavit asking leave to intervene or by his complaint in intervention, assert that he had interest adverse to that of the plaintiff, but on the contrary, in both his affidavit and in his complaint, he asserted that he desired to join plaintiff in the action.

Further than this, the special administrator whom plaintiff in intervention succeeded as personal representative of the decedent, having refused to join as a party plaintiff in the original complaint, had been joined as a defendant therein, and was therefore, in legal effect, a plaintiff in the original action (*Donohoe* v. *Wooster,* 163 Cal. 114, 117 [124 P. 730]);

---

[2]For examples of matters which toll the statute see *Kinard* v. *Jordan,* 175 Cal. 13 [164 P. 894]; *Christin* v. *Superior Court,* 9 Cal.2d 526 [71 P.2d 205, 112 A.L.R. 1153]; *Judson* v. *Superior Court,* 21 Cal.2d 11 [129 P.2d 361]; *Pacific Greyhound Lines* v. *Superior Court,* 28 Cal.2d 61 [168 P.2d 665]; *Rose* v. *Knapp,* 38 Cal.2d 114 [237 P.2d 981]; *Westphal* v. *Westphal,* 61 Cal.App.2d 544 [143 P.2d 405]; *Estate of Morrison,* 125 Cal.App. 504 [14 P.2d 102].

and the administrator's intervention was but the assertion of the right given him by section 466 of the Probate Code to prosecute that action to final judgment.

The original action is one which might have been commenced by the administrator, or by any of the heirs, or by the heirs and the administrator jointly (Prob. Code, § 581), and any judgment rendered in an action commenced by any of them would have been binding upon all of them (*Estate of Hanson,* 126 Cal.App.2d 71, 76 [271 P.2d 563] ; *Luckhardt* v. *Mooradian,* 92 Cal.App.2d 501, 519 [207 P.2d 579] ; *Bernhard* v. *Bank of America,* 19 Cal.2d 807 [122 P.2d 892] ).

█ The cause of action asserted by the complaint in intervention is the same cause of action as asserted by the complaint. It follows that the complaint in intervention was not a prosecution of a different action but merely a step in the prosecution of the original action, and that the five-year period commenced to run upon the filing of the original complaint.

█ The five-year period fixed by section 583, Code of Civil Procedure, is, however, tolled during such time as it is impracticable and futile to prosecute the action by proceeding to trial (*Pacific Greyhound Lines* v. *Superior Court, supra,* at p. 64; *Rose* v. *Knapp, supra,* at p. 117; *Westphal* v. *Westphal, supra*). █ That it would have been impracticable and futile to have brought the action here to trial during the period of 175 days that elapsed between the date when the action was commenced and the date that the remittitur from the appellate court in the will contest was filed in that court is evident from the facts which we have heretofore related. Under the will which petitioners offered for probate they would have received the real property which was the subject of the action brought by Harris, even though Harris had been successful in that action. Therefore, if the judgment denying that will to probate had been reversed upon the appeal and the will then admitted to probate, any judgment obtained in the present action would have been fruitless; and the prosecution of the action, until the appeal in the will contest was terminated, would have been impracticable and futile.

That this is true is apparent from the fact that by her action, Harris sought not only to vest the right of possession in the special administrator but title in the heirs of the decedent. In order to be entitled to have it so adjudged she would have to prove that title to the real property vested in

those heirs at the time of the death of the decedent; and this she could not do while the question of the validity of the decedent's will remained undetermined.

The five-year period within which plaintiff and plaintiff in intervention might have brought the action to trial would normally have expired on November 17, 1955; but as the running of that period was tolled for the period of 175 days, they had until May 10, 1956, to bring the action to trial and avoid the penalties of the statute. When petitioners' motion to dismiss the action was made, and when the court's order denying that motion was entered, the five-year period had not elapsed. ██ Dismissal of the action was therefore not mandatory. It was, therefore, within the discretion of the court to grant or deny the motion. Consequently petitioners are not entitled to the writ which they here seek (*Charles L. Donohoe Co.* v. *Superior Court,* 202 Cal. 15, 18 [258 P. 1094]).

We need not here determine whether petitioners' threats (if any) to seek relief in this court, and doing so with the resultant alternative writ, have further tolled the statute. That is a matter to be addressed to the trial court, which will have all of the facts before it.

The real parties in interest respondent have moved this court to quash the alternative writ heretofore issued and dismiss the proceedings. They base this motion upon the policy stated by the Supreme Court in *Collins* v. *Superior Court,* 147 Cal. 264 [81 P. 509], and which has been applied in several cases by the District Courts of Appeal, that a petition for an original writ should be filed in the court which has original appellate jurisdiction. The policy stated by the Supreme Court in *Collins* v. *Superior Court* is no longer the policy of that court, but its present policy has been announced through the clerk of that court in a notice to the bar published in the State Bar Journal, volume 25, page 137. All original petitions excepting those set forth in the notice above mentioned should be filed in the District Court of Appeal even though the Supreme Court would have original appellate jurisdiction from an appeal from a final judgment in the action.

The motion to quash is denied, the alternative writ heretofore issued is discharged, and a peremptory writ of mandate is denied.

Doran, Acting P. J., and Fourt, J., concurred.