[No. B042609. Second Dist.. Div. Five. May 4, 1990.]

LINDA BRIGHT et al., Plaintiffs, v.
AMERICAN TERMITE CONTROL COMPANY, INC., et al.,
Defendants and Respondents;
ALLSTATE INSURANCE COMPANY, Intervener and Appellant.

COUNSEL

Fisher & Prager and Girard Fisher for Intervener and Appellant.

Tucker, Goldby & Freeman, Jack W. Tucker, Sidley & Austin and Donald Etra for Defendants and Respondents.

OPINION

BOREN, J.—Plaintiff in intervention, Allstate Insurance Company (Allstate), appeals following the dismissal of its complaint in intervention for want of prosecution since the action was not brought to trial within the mandatory five-year period. (Code Civ. Proc., §§ 583.310 and 583.360.)[1] We hold that where the complaint in intervention by an insurer claiming property subrogation rights states essentially the same causes of action against the defendants as are stated in the plaintiff's original complaint, the five-year dismissal period runs from the date the original action is commenced and not from the date the complaint in intervention is filed.

FACTS

On April 13, 1983, the Brights filed a complaint against the defendants, termite control and chemical companies, for personal injuries and property

---

[1] Code of Civil Procedure section 583.310 provides as follows: "An action shall be brought to trial within five years after the action is commenced against the defendant."

Code of Civil Procedure section 583.360 provides as follows: "(a) An action shall be dismissed by the court on its own motion or on motion of the defendant, after notice to the parties, if the action is not brought to trial within the time prescribed in this article. [¶] (b) The requirements of this article are mandatory and are not subject to extension, excuse, or exception except as expressly provided by statute."

damage which arose out of the misapplication of the chemical chlordane when their house was treated to exterminate termites.[2] Approximately two months after the at-issue memorandum was filed, on October 10, 1984, Allstate filed its complaint in intervention. Both the complaint in intervention and the Brights' complaint contained numerous identical causes of action pertaining to negligence, strict liability, ultrahazardous activity, breach of express and implied warranty, fraud, trespass, nuisance and constructive eviction. The Brights' complaint additionally alleged causes of action personal to them, such as the intentional infliction of emotional distress.

Five settlement conferences ensued between August 10, 1987, and September 17, 1987, when a settlement with the terms to be "confidential" was reached between the Brights and the defendants. Allstate, as the intervener, participated in the five settlement conferences. Although the case was settled as to the Brights and the defendants, no motion to dismiss was filed for a reason which the trial court was advised was "confidential." The trial was continued to December 8, 1987.

On October 5, 1987, Allstate moved to strike the at-issue memorandum and to remove the case from the trial calendar. Allstate urged that the at-issue memorandum filed was defective, that the trial date had not been properly set, and that, in the event the trial date was not removed from the calendar, the matter should be continued because some discovery remains and because Allstate must ascertain the previously undisclosed settlement amount and "then seek to amend its complaint in intervention to seek payment of that settlement from the plaintiffs and [the] paying defendants." On October 26, 1987, the court granted Allstate's motion, struck the at-issue memorandum and removed the case from the trial calendar. Allstate then filed a new at-issue memorandum.

On February 5, 1989, Allstate moved to specially set the case for trial. On March 10, 1989, the court denied the motion and issued an order to show cause why the court should not dismiss the complaint in intervention pursuant to Code of Civil Procedure section 583.360, subdivision (a). In dismissing the action and the complaint in intervention on May 5, 1989, the court found that in Allstate's complaint in intervention it had alleged the same

---

[2] Also in April of 1983, the Brights filed a complaint against Allstate for the tortious breach of insurance contract and sought compensatory and punitive damages for its failure to pay for losses compensable under its insurance policy with the Brights. On January 10, 1984, a release and a settlement were agreed upon between the Brights and Allstate whereby, in pertinent part, Allstate ultimately agreed to pay for the chlordane contamination of the Brights' house, for their living expenses, for their personal property loss, and for attorney's fees. The total amount paid by Allstate was $474,596, an amount in excess of the limits in the insurance policy coverage.

causes of action as had been alleged by the Brights in their complaint and that Allstate had no separate cause of action. The court also noted that in moving to file its complaint in intervention, Allstate had argued that its subrogation claim must be asserted in the same action as that brought by the insured or be lost because the prohibition against splitting a cause of action would bar an independent suit for subrogation. The court concluded that the five-year dismissal statute commenced as to Allstate, not with the filing of the complaint in intervention, but with the filing of the Brights' complaint, and that the five-year period had elapsed.

This appeal followed.

DISCUSSION

■ The test for determining whether a subsequently filed claim has a life independent of the original complaint for purposes of the five-year mandatory dismissal rule (Code Civ. Proc., §§ 583.310 and 583.360) is whether the claim asserts a separate cause of action. Although our Supreme Court has not applied a separate cause of action test to complaints in intervention, it has applied this test in the context of cross-complaints, counterclaims and separate lawsuits subsequently consolidated. In those distinguishable contexts, the court has held that the time for bringing the claim to trial runs from the filing of such cross-complaint, counterclaim or separate but consolidated lawsuit. The court's rationale was that each claim stated a separate cause of action which could have been separately brought and tried and they were thus distinct though simultaneous actions with their own independent time frames for the purposes of the mandatory dismissal statute. (*General Motors Corp.* v. *Superior Court* (1966) 65 Cal.2d 88, 93 [52 Cal.Rptr. 460, 416 P.2d 492]; *Tomales Bay etc. Corp.* v. *Superior Court* (1950) 35 Cal.2d 389, 394 [217 P.2d 968].)

■ In contrast to the separate causes of action involved in a cross-complaint, counterclaim or separate but consolidated lawsuit, Allstate's situation involves a property subrogation claim with essentially the same causes of action as alleged by the plaintiff. ■ We recognize that in a property subrogation matter, the subrogor insured and the subrogee insurer each possess a separate right of action (*Ferraro* v. *Southern Cal. Gas Co.* (1980) 102 Cal.App.3d 33, 41 [162 Cal.Rptr. 238]; *Ventura County Employees' Retirement Association* v. *Pope* (1978) 87 Cal.App.3d 938, 950-951 [151 Cal.Rptr. 695]), and the insurer is not limited to an action in intervention but may bring a separate independent action to recover directly from the third party tortfeasor (*Deutschmann* v. *Sears, Roebuck & Co.* (1982) 132 Cal.App.3d 912, 915-916 [183 Cal.Rptr. 573]). Nonetheless, apart from the existence of a separate "right of action," the proscription against splitting a

single "cause of action" is impermissibly violated, unless waived by the defendant, when the insurer attempts to maintain a separate suit against the defendant. (*Ferraro* v. *Southern Cal. Gas Co., supra*, 102 Cal.App.3d 33, 41, fn. 3, 43-44.)

■ The existence of a single, rather than a separate, cause of action was discussed in *Bosworth* v. *Superior Court* (1956) 143 Cal.App.2d 775 [300 P.2d 155], where the complaint in intervention was dismissed for failure to prosecute. In *Bosworth,* the original plaintiff, an heir, brought an action to cancel a deed of property to the defendants. The administrator of the property filed a complaint in intervention alleging the same cause of action and seeking the same relief as the heir. The court held that the time for bringing the administrator's action to trial commenced with the filing of the original complaint by the heir. The court reasoned, "The cause of action asserted by the complaint in intervention is the same cause of action as asserted by the complaint. It follows that the complaint in intervention was not a prosecution of a different action but merely a step in the prosecution of the original action, and that the five-year period commenced to run upon filing of the original complaint." (*Id.* at p. 779.)

As in *Bosworth,* Allstate's complaint in intervention involved essentially all the same causes of action as were involved in the insured's claim against the defendants. Although only Allstate possessed the right to sue to recover the subrogated property loss and only the Brights had the right to sue to recover for their personal injuries, the rights and interests of Allstate as the plaintiff in intervention were substantially similar and "not adverse" (*Bosworth* v. *Superior Court, supra*, 143 Cal.App.2d at p. 778) to those of the Brights vis-à-vis the defendants.

Our conclusion that the insurer's complaint in intervention to recover a subrogated property loss states essentially the same causes of action and that the time period for the five-year dismissal rule begins to run upon filing of the plaintiff's original complaint is supported by one of the purposes of intervention. ■ As explained in *Johnson* v. *Santos* (1983) 148 Cal.App.3d 566 [196 Cal.Rptr. 145], where the court deemed the five-year dismissal period to begin to run upon filing the original complaint, "Intervention is permitted to avoid delay and multiplicity of actions when claims are the same or substantially similar and arise out of the same facts. [Citation.] If [sections 583.310 and 583.360] were construed to mean that the date of an intervener's cause of action is the date to begin the five-year period for bringing causes to trial, an intervener could file his complaint close to the end of the five-year period of the filing of the original complaint and extend the time in which defendant would be subject to litigation to close to ten years. This would defeat the purpose of avoiding delay." (*Id.* at

pp. 569-570.) As also aptly observed in *State Compensation Ins. Fund.* v. *Selma Trailer Co.* (1989) 210 Cal.App.3d 740 [258 Cal.Rptr. 545], the strong public policy in favor of expediting and disposing of litigation (see Trial Court Delay Reduction Act of 1986; Gov. Code, § 68600 et seq.; Cal. Standard Jud. Admin., §§ 2 and 2.1) supports the holding that the three-year discretionary dismissal statute (Code Civ. Proc., §§ 583.410 and 583.420) begins to run from the date of the filing of the original complaint and not from the date of the subsequent complaint in intervention. (*State Compensation Ins. Fund.* v. *Selma Trailer Co., supra*, 210 Cal.App.3d at pp. 754-755.) The same "strong public policy" (*id.* at p. 754) in favor of expeditiously disposing of litigation supports the same conclusion as to the five-year dismissal statute at issue in the present case.

 We recognize the theoretical independence of the intervener as a separate party in other contexts. For example, the intervener has the same rights as any other party to demand a jury trial, to object to the court's jurisdiction or to the sufficiency of the pleading, or to disqualify a judge. (See *Deutschmann* v. *Sears, Roebuck & Co., supra*, 132 Cal.App.3d at p. 916.) And where the intervener has a subrogation claim, the dismissal of the plaintiff's complaint for failure timely to serve and return summons does not affect the intervener's independent right to continue the action. (*Id.* at pp. 915-916, 918.) However, even an acknowledgment of the independent and separate nature of the intervener's right of action in certain contexts does not detract from our recognition of the essentially parallel causes of action filed in the present case, the mutuality of interests between the plaintiff and the plaintiff in intervention vis-à-vis the defendants, the policy of avoiding delays in litigation, and the inadvisability of extending the time from five years to ten years in which the defendants would be subject to litigation.

### DISPOSITION

The judgment is affirmed.

Lucas, P. J., and Turner, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 25, 1990.