NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite a memorandum decision in a brief or at oral argument should review Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| DELMER M. ACKELS, | ) | |
| | ) | Supreme Court No. S-15156 |
| Appellant, | ) | |
| | ) | Superior Court No. 4FA-12-01890 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| GOLDRICH MINING COMPANY, | ) | AND JUDGMENT[*] |
| | ) | |
| Appellee. | ) | No. 1512 - July 23, 2014 |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Fourth Judicial District, Fairbanks, Robert B. Downes, Judge.

Appearances: Thomas R. Wickwire, Fairbanks, for Appellant. Gary A. Zipkin and Josh Van Gorkom, Guess & Rudd P.C., Anchorage, for Appellee.

Before: Fabe, Chief Justice, Winfree, Stowers, Maassen, and Bolger, Justices.

1. This appeal arises from secondary litigation related to earlier litigation addressed by this court in *Gold Dust Mines, Inc. v. Little Squaw Gold Mining Co.*[1] That decision details the relationship between the parties and the relevant judgments and post-judgment orders Superior Court Judge Randy M. Olsen entered,

---

[*] Entered under Alaska Appellate Rule 214.

[1] 299 P.3d 148 (Alaska 2012).

which are not repeated here.[2]  Parties to the second litigation are Goldrich Mining Company, formerly known as Little Squaw Mining Company, and Delmer Ackels.

2.     In the earlier litigation, Judge Olsen entered judgment against Delmer and Gail Ackels and their corporation, Gold Dust Mines, Inc., for ejectment from certain mining claims held by Goldrich and for money damages.  Judge Olsen ordered the Ackels group to remove all of its personal property from Goldrich's claims by a certain date; failure to do so would constitute abandonment of the property to Goldrich.  The Ackels group moved some equipment and tools from the originally disputed claim, but apparently moved the items onto another of Goldrich's claims and actually mined on the claim.  Judge Olsen allowed the Ackels group to move its mining equipment again — onto its own claim this time — and he entered another money judgment against the Ackels group for its mining on Goldrich's claim.

3.     Before the Ackels group could move its equipment and tools, Goldrich obtained a writ of execution and levied on all of the Ackels group's property located on Goldrich's claim.  The Ackels group's property was sold at an execution sale.  The proceeds were applied to Goldrich's money judgments, with the remainder distributed to the Ackels group.

4.     About two years later Delmer Ackels (but not Gail Ackels or Gold Dust Mines) filed this separate lawsuit against Goldrich, alleging wrongful conversion of the Ackels group's property.  This case was assigned to Superior Court Judge Robert B. Downes.  Shortly thereafter we issued our decision in the Ackels group's appeal from Judge Olsen's judgment and post-judgment orders.[3]  We affirmed the

---

[2]     *Id.* at 154-57.

[3]     *Id.* at 148.

judgments for ejectment and money damages, including money damages relating to the Ackels group's mining activity on Goldrich's claim.[4]

5.      Goldrich then moved to dismiss Ackels's conversion claim in the case before Judge Downes, arguing that the claim was barred by res judicata — specifically, that all of the claim was or should have been decided in the case before Judge Olsen.  Judge Downes agreed and dismissed Ackels's suit.  Ackels appeals.[5]

6.      Ackels argued in his briefs that there were three categories of property at issue:  (1) property deemed abandoned by the Ackels group's failure to remove it from the first Goldrich claim; (2) property properly levied and sold at the execution sale; and (3) property Goldrich  allegedly took from the Ackels group's claim but that was not levied and sold at the execution sale.  Ackels conceded that he had no legal basis to argue conversion for the first two categories.[6]  But at oral argument Ackels's counsel conceded that there had been no property on the Ackels group's claim, that all the non-abandoned property in dispute had been on the Goldrich claim where the Ackels group had wrongfully mined, and that the conversion claim was based on

---

[4]      *Id.* at 164-68.

[5]      We review de novo an order granting a motion to dismiss. *Varilek v. City of Houston*, 104 P.3d 849, 851 (Alaska 2004) (citing *In re Life Ins. Co. of Alaska*, 76 P.3d 366, 368 (Alaska 2003); *McElroy v. Kennedy*, 74 P.3d 903, 906 (Alaska 2003)). Whether res judicata applies is a question of law that we also review de novo. *Id.* at 852 (citing *McElroy*, 74 P.3d at 906).  "When considering the appeal of a motion to dismiss we 'presume all factual allegations of the complaint to be true and make all reasonable inferences in favor of the non-moving party.' " *Neese v. Lithia Chrysler Jeep of Anchorage, Inc.*, 210 P.3d 1213, 1217 (Alaska 2009) (quoting *Rathke v. Corr. Corp. of Am., Inc.*, 153 P.3d 303, 308 (Alaska 2007)).

[6]      Ackels did argue that our decision in *Gold Dust Mines* was wrong and should be overturned, giving him a legal basis for his conversion claims as to the first two categories, but we reject that argument.

Goldrich wrongfully failing to adequately describe the property in its execution paperwork.

7.    In short, Ackels's conversion claim is limited to a contention that Goldrich's levy and execution sale were, at least in part, wrongful due to inadequate notice.  But any such claim should have been brought in the case where the writ was issued, the levy made, and the execution sale held.[7]  Ackels cannot collaterally attack the post-judgment proceedings in Judge Olsen's case by bringing a separate lawsuit before Judge Downes.[8]

8.    We therefore AFFIRM the dismissal of Ackels's lawsuit.

---

[7]    *See Knapp v. Rose*, 197 P.2d 7, 9 (Cal. 1948) (in bank) ("[A]s a general rule supported by many authorities[, in] a proceeding to set aside a sale under execution, excepting where some special facts are alleged which may create jurisdiction in a court of equity, the proper procedure is by motion to vacate the sale in the action under which it is claimed any irregularities occurred." (quoting *Colver v. W.B. Scarborough Co.*, 238 P. 1104, 1105 (Cal. App. 1925)) (internal quotation marks omitted)).

[8]    *See Mt. Vernon Nat'l Bank v. Morse*, 264 P. 439, 440 (Or. 1928) ("An execution sale without proper notice is in any event a mere irregularity, and such sale cannot be attacked collaterally." (quoting *Davis v. Magnes*, 113 P. 1, 2 (Or. 1911)) (internal quotation marks omitted)).